In the Matter of the Arbitration between MARTIN C. KYNE, as President of Culinary Workers Union of New York, Local 923, AFL-CIO, Respondent, and SPIROS MOLFETAS, Doing Business as MOLFETAS CAFETERIA, Appellant.

First Department, March 26, 1957.

*Thomas A. McDonald* (*Thomas P. Pender* with him on the brief), for appellant.

*Milton M. Konowe* of counsel (*Katz & Wolchok,* attorneys), for respondent.

*Per Curiam.* In this arbitration proceeding the respondent appeals from an order confirming the award.

The order must be reversed and the matter remanded to Special Term for a hearing to determine: (1) whether the contract providing for arbitration was made by the petitioner labor union and the respondent as an individual or on behalf of his corporate entity; and (2) whether due notice of the arbitration was given.

That it is for the court to decide, after a trial or hearing, whether a contract providing for arbitration was in existence between the parties is no longer open to question. (*Matter of Spectrum Fabrics Corp.* [*Main St. Fashions*], 285 App. Div. 710, affd. 309 N. Y. 709; *Matter of Lane* [*Endicott Johnson Corp.*], 274 App. Div. 833, affd. 299 N. Y. 725; *Matter of Potoker* [*Brooklyn Eagle*], 286 App. Div. 733.) If Special Term should find that no contract exists between the parties then obviously the arbitration falls and the motion to confirm the award should be denied and the proceedings dismissed.

In the event that Special Term decides that there was a valid contract between the parties, then it becomes incumbent upon the court to determine whether due notice of the arbitra-

tion was given to the respondent. If it was not, then the arbitration likewise falls and it follows that the award should be vacated, without prejudice to a new arbitration on notice as required by the contract.

Even if it be determined at Special Term that a valid contract exists between the parties now before the court and that due notice was given, the matter must, nevertheless, be remanded to the arbitrator to clarify the ambiguity of the award. It was claimed that three persons had been designated by the union to replace non-union employees, in accordance with its demand predicated upon the contract. The persons allegedly so designated were not otherwise identified. The award thus directs payments to unnamed individuals and in that form is so imperfectly executed that it cannot be deemed to be a "final and definite award upon the subject-matter submitted." (Civ. Prac. Act, § 1462, subd. 4; Matter of Morantz [Berliant], 275 App. Div. 873.)

The order confirming the award should therefore be reversed and the matter remanded to Special Term for determination in accordance with the directions herein contained.

PECK, P. J., RABIN, FRANK, McNALLY and BERGAN, JJ., concur.

Order confirming the award unanimously reversed and the matter remanded to Special Term for determination in accordance with the directions contained in the opinion herein. Settle order on notice.