■ In the Matter of CARMINE DE CHIARA, Appellant, v RICHARD J. BARTLETT, as State Administrative Judge and as Representative of the Administrative Board of the Judicial Conference, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to enjoin respondent Bartlett from terminating petitioner's employment as a confidential attendant in the Supreme Court, Second Judicial District, the appeal is from a judgment of the Supreme Court, Kings County, entered September 29, 1976, which dismissed the petition. Judgment affirmed, without costs or disbursements, upon the opinion of Mr. Justice Pino at Special Term. Mollen, P. J., Suozzi, Cohalan and Hawkins, JJ., concur.

■ In the Matter of DEEPDALE GENERAL HOSPITAL, as Assignee of LUCILLE OWUSU, Appellant, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.—In a proceeding to confirm an arbitration award, the appeal is from so much of an order of the Supreme Court, Queens County, dated June 20, 1977, as failed to confirm the award with respect to the counsel fee awarded and instead ordered a hearing with respect to the award of the counsel fee. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and award confirmed on its entirety. In an arbitration proceeding pursuant to the no-fault insurance law, the determination of the amount to be awarded as reasonable attorney's fees is for the arbitrator. Subject to the provisions of the no-fault law and CPLR 7511, "arbitrators are free to fashion the applicable rules and determine the facts of a dispute before them without their award being subject to judicial revision" *(Lentine v Fundaro,* 29 NY2d 382, 383). There was no showing here that the award of a counsel fee in the amount of $750 was irrational. The refusal of respondent to pay the underlying claim when it was presented resulted in the necessity of negotiations and a full hearing before an arbitrator. Absent a showing of irrationality the award should be confirmed (see *Matter of Simmons [Government Employees Ins. Co.],* 59 AD2d 468). Mollen, P. J., Suozzi, Cohalan and Hawkins, JJ., concur.

■ In the Matter of MALCOLM HEYMAN, Appellant, v NEW YORK STATE DRUG ABUSE CONTROL COMMISSION, Also Known as Narcotic Addiction Control Commission, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to reinstate petitioner to his position as an institution teacher at the Queensboro Rehabilitation Center, a facility of the New York State Drug Abuse Control Commission, the appeal, as limited by petitioner's brief, is from so much of a judgment of the Supreme Court, Queens County, dated May 4, 1976, as, after a hearing, dismissed so much of the petition as sought reinstatement with back pay. Judgment affirmed insofar as appealed from, without costs or disbursements, on the opinion of Mr. Justice Hyman at Special Term, dated January 14, 1976. Martuscello, J. P., Rabin, Margett and O'Connor, JJ., concur.