■ In the Matter of CENTRAL GENERAL HOSPITAL, as Assignee of KARLA BRANDSTETTER, Appellant, v HANOVER INSURANCE COMPANY, Respondent.— In a proceeding to confirm an arbitration award, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, dated November 1, 1978, as granted the respondent's application to vacate the award insofar as it granted a $2,000 attorney's fee to petitioner. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, motion to vacate the award of counsel fees denied and cross motion to confirm said portion of the award granted. Special Term erred in applying a substantial evidence test to the review of the award in question (see *Matter of Garcia v Federal Ins. Co.,* 46 NY2d 1040). In our opinion the award was not wholly irrational when considered in light of the evidence before the arbitrator at the time it was made (cf. *Matter of Deepdale Gen. Hosp. v Government Employees Ins. Co.,* 60 AD2d 884). Damiani, J. P., Rabin and Mangano, JJ., concur.

Gulotta, J. dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum, in which Cohalan, J., concurs: I would affirm. In my view, the result reached at Special Term is a just one. It was the hospital's faulty record keeping which caused it to retain an attorney to collect a bill which had already been paid and, under these circumstances, fairness dictates that the hospital should pay its own counsel fee, notwithstanding the fact that the arbitrator's award commanding such payment by the respondent (as well as payment of the allegedly unpaid hospital bill) was supported by the record before him and not irrational when made. The statute provides, *inter alia,* for the award of a reasonable attorney's fee in arbitrations regarding first-party benefits "If [and only if] a valid claim or portion thereof was overdue and * * * not paid *before* [the] attorney was retained" (Insurance Law, § 675, subd 1; emphasis supplied). Here, however, it was conclusively established before Special Term that the bill in question had been paid prior to the retention of counsel, thus rendering the statutory language inoperative. Moreover, acceptance of the majority's position would render a court powerless to redress a situation involving "double recovery" by a claimant, which could arise, for example, had the hospital in this case sought to confirm so much of the arbitrator's award as directed the payment to it of the bill claimed to have been outstanding, but which had already been paid. Under the principle espoused, the court would be without jurisdiction to vacate or modify such an award, despite the manifest unfairness inherent therein. At least in the context of compulsory arbitrations, I find the professed inability to remedy injustices of this nature unacceptable. (Cf. *Matter of Ganser [New York Tel. Co.],* 41 AD2d 914, affd 34 NY2d 717.)