■ In the Matter of SERVANDO CARMONA, Appellant, v INSURANCE ARBITRATION FORUMS, INC., et al., Respondents. — Judgment of the Supreme Court, New York County (B. Altman, J.), entered on November 30, 1982, denying petitioner's application and dismissing the petition on the ground the CPLR article 78 proceeding was untimely commenced, is reversed, on the law, with costs payable by respondent Nassau Insurance Co., and the proceeding is treated as one to vacate an arbitration award pursuant to CPLR 7511 and, as such, is granted, the award is vacated and a new arbitration hearing ordered. Petitioner was a passenger in a motor vehicle insured by Lloyds of London. This vehicle was involved in a collision with an automobile insured by Nassau Insurance Company. Petitioner Carmona brought a personal injury action against the drivers and owners of both vehicles and his action, together with those of all other parties, was settled on the record. As part of this settlement, Lloyds assigned all its rights to petitioner. Nassau waived any intercompany rights it had against Lloyds. After the settlement, on November 26, 1979, Carmona discharged his attorneys and engaged one Ira Raab to represent him at the intercompany arbitration. On July 21, 1980, Mr. Raab sent a letter to the New York Arbitration Commission advising it that he was being substituted for Carmona's former attorneys, enclosing a copy of the assignment from Lloyds to Carmona and asking for the status, the hearing date and a copy of the New York Arbitration Commission's rules. A copy of this letter was sent to Nassau. On August 1, 1980, Raab was notified by the New York Arbitration Commission that the hearing would be scheduled in March, 1981, due to the pending personal injury action. Raab notified the commission that the action was no longer pending and had been settled. He enclosed a copy of the court's settlement and asked for the hearing date and a copy of the New York Arbitration Commission's rules. On September 29, 1980, Raab received a telephone call from Carmona's former attorney advising him that the hearing was scheduled for October 20, 1980. Nassau sent a memo to the New York Arbitration Commission on October 8, 1980, seeking an adjournment on the basis that the suit was still pending. Raab was never sent a copy of this memo and the hearing was adjourned without his knowledge. When Raab appeared at the arbitration scheduled for October 20, 1980, he was informed that it had been adjourned by Nassau on the consent of Carmona's former attorneys. However, those attorneys, in a letter to Mr. Raab dated October 24, 1980, denied consenting to an adjournment; they acknowledged that they were notified that Raab had been substituted for them. After much further correspondence, Raab sought the assistance of the Insurance Department to restore the matter to the calendar of the Arbitration Commission. On January 19, 1981, Raab had telephone conferences with Nassau and the New York Arbitration Commission by which it was established that the hearing would be held at the end of March or the beginning of April of 1981. However, on January 20, 1981, Raab learned the matter would not be heard because Nassau had advised

the Arbitration Commission that the personal injury case was still pending. On January 22, 1981, Raab wrote to the Insurance Department inquiring about the status of his complaint against Nassau. On March 5, 1981, Raab received a letter from the New York State Insurance Department telling him that the New York Arbitration Commission had informed the New York State Insurance Department that a hearing would be scheduled in early November of 1981 and that he would be notified by the latter part of October or the beginning of November of 1981 as to the exact date. Through a telephone conversation with the New York State Arbitration Commission on December 15, 1981, Raab was informed that the case had been heard on April 13, 1981, and that his client's claim had been denied for an alleged failure to sustain the burden of proof. After learning of the April 13, 1981 hearing, Raab sought to have the hearing declared a nullity for lack of jurisdiction since no notice of the hearing had been served on Carmona or Raab. On February 27, 1982, Raab wrote a letter to the executive director of the respondent Insurance Arbitration Forums, Inc., setting forth in detail all that Raab had done to resolve the matter. On May 26, 1982, Insurance Arbitration Forums wrote to Raab stating "[a]ny error by the local committee to give you notice pursuant to said Regulations No. 68 would be jurisdictional. However, aforesaid Regulations provide no authority for the correction of a jurisdictional error." The letter went on to state "if the decisions are to be voided, it must be done by application to the Court." Only Kafka could have appreciated the sequence of events and this conclusion. Special Term, in denying and dismissing Carmona's petition which sought to annul the respondent's determination which had dismissed his intercompany arbitration claim and to restore the matter for a new hearing, stated in part: "even were an Article 78 proceeding to lie herein (cf. Scott v Rockaway Community Corp., 92 Misc2d 178), the petition is untimely." Initially, we note that CPLR 103 (subd [c]) provides: "[i]f a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution." Although a proceeding pursuant to CPLR 7511 to vacate or modify an award must be brought within 90 days of the delivery of the award to the moving party, it appears that no such award was delivered to petitioner Carmona. In addition, CPLR 7510 provides: "[t]he court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511." Nothing in the record herein indicates that Nassau ever moved to have the award, rendered to it on default, confirmed. Thus, petitioner's application herein, deemed one to vacate the award, is timely. The respondents Insurance Arbitration Forums, Inc. and its local unit, New York Arbitration Commission, did not object to the relief sought and affirmatively stated such at Special Term. The contention by Nassau that Carmona was not entitled to participate in the intercompany arbitration is without merit. The stipulation settling the action assigned Carmona all of Lloyds' rights to participate in the intercompany arbitration, not simply an interest in the amount that Lloyds could recover in the prosecution of its claim. Section 5 of the Automobile Accident Reparations Arbitration Rules relied upon by Nassau, which provides that arbitration is applicable to controversies involving insurers and self-insurers only and that the interest of other parties may not be arbitrated, is inapplicable to the instant action. Nassau consented to the settlement agreement which was premised upon the assignment by Lloyds to Carmona of its rights to intercompany arbitration. Nassau's contention that notice to Lloyds of the April 13, 1981 hearing date was properly given, in accordance with the rules of the New York Arbitration Commission, is likewise without merit. The procedure for

intercompany arbitration hearings is set forth in 11 NYCRR 65.10 (d) (3). These rules and regulations were promulgated pursuant to section 674 of the Insurance Law. 11 NYCRR 65.10 (d) (3) (iii) provides: "[r]epresentatives of applicants and respondents shall be notified by the secretary of the time and place of a scheduled hearing at least two weeks in advance of the hearing date." The Automobile Accident Reparations Arbitration Rules repeat this procedure under "HEARINGS": "3. Representatives of controverting parties shall be notified by the Secretary of the time and place of a scheduled hearing at least two weeks in advance of the hearing date." In view of the fact that all of the parties concerned were aware of Mr. Raab's involvement from July 21, 1980, respondents Insurance Arbitration Forums, Inc. and the New York Arbitration Commission did not comply with the procedure they were bound to follow under the applicable law. This failure was "misconduct" in procuring the award pursuant to CPLR 7511 and furnishes sufficient grounds to vacate the award and order a new arbitration hearing. Concur — Sandler, J. P., Sullivan, Ross, Asch and Alexander, JJ.