■ In the Matter of UNIGARD MUTUAL INSURANCE COMPANY, Appellant, v HARTFORD INSURANCE GROUP, Respondent. — In a proceeding pursuant to CPLR article 75 to vacate an intercompany arbitration award, petitioner appeals from a judgment of the Supreme Court, Kings County (Kartell, J.), dated June 30, 1983, which denied the application.

Judgment affirmed, with costs.

On September 1, 1979, Pedro Rodriguez was driving an automobile owned by Hilda Santiago which was insured by petitioner Unigard Mutual Insurance Company. Attached to the automobile was a utility-type trailer which was rented by Rodriguez from Earl's Trailer Rental System, Inc. The trailer was insured by respondent Hartford Insurance Group. Hector Rivera, Julio Rivera and Juan Roman were riding inside the trailer. Subsequently, the automobile and trailer collided with a bus at

the intersection of Ingraham Street and Morgan Avenue in Brooklyn. Hector Rivera was thrown out of the trailer, and all three occupants of the trailer were injured.

Subsequently, applications were made to both insurance companies for payment of first-party no-fault benefits. Petitioner Unigard Mutual Insurance Company denied the claims on the ground that each of the occupants of the trailer was not an "Eligible Injured Person" covered under its policy, because they were occupying another motor vehicle, to wit, the trailer. Respondent Hartford Insurance Group denied coverage on the ground that "no fault coverage should be provided by the power unit in this case" (i.e., the petitioner Hilda Santiago's automobile's insurer). Petitioner subsequently agreed to pay the first-party no-fault benefits totaling approximately $43,500 pursuant to 11 NYCRR 65.15 (j) (2), (3), and the dispute then proceeded to mandatory arbitration pursuant to Insurance Law former § 674 (now Insurance Law § 5105). On the applications for intercompany arbitration, petitioner again contended that the claimants were passengers in the trailer, and thus respondent was required to pay no-fault benefits to the claimants, while respondent again claimed that the insurer of the "power unit", petitioner, was required to pay no-fault benefits to the claimants. Notably, respondent admitted coverage on the applications for intercompany arbitration. The panel of arbitrators found for respondent, with the following decision: "Applicant is responsible for no-fault benefits".

Petitioner then commenced the instant proceeding to vacate the intercompany arbitration award and to recover the no-fault benefits it had paid to the claimants. Once again, petitioner argued that it was not responsible to pay no-fault benefits to the occupants of the trailer, which was a separate motor vehicle. Respondent argued that no relief could be granted pursuant to CPLR article 75 because the insurance regulations establishing the procedure for intercompany insurance arbitration (11 NYCRR 65.10 [d] [4] [ii]) state that "[a] decision of an arbitration panel on issues of fact or law is final and binding, with no right of rehearing or appeal." Special Term agreed with respondent. We affirm, but not for the reason that the court lacks power to review the decision of the arbitration panel.

At the inception, we observe that arbitration decisions, whether arising from mandatory or consensual arbitration proceedings, are subject to limited judicial review pursuant to CPLR article 75, in order to comport with constitutional requirements of due process (see, e.g., Caso v Coffey, 41 NY2d 153; Mount St. Mary's Hosp. v Catherwood, 26 NY2d 493; Matter of

*Shand* [*Aetna Ins. Co.*], 74 AD2d 442). Therefore, notwithstanding that the regulation urged by respondent (11 NYCRR 65.10 [d] [4] [ii]) states that intercompany arbitration decisions are not appealable, such decisions are subject to limited judicial review pursuant to CPLR article 75. The standard of review of decisions in mandatory arbitration proceedings is whether the determination lacks "rationality" (*see, Matter of Shand* [*Aetna Ins. Co.*], *supra,* p 449). Since the arbitration in this case was conducted pursuant to the mandatory arbitration provisions of Insurance Law former § 674 (2) (now Insurance Law § 5105 [b]), that standard is applicable in this case.

The arbitration panel's determination that petitioner was responsible for the payment of first-party no-fault benefits to the occupants of the trailer cannot be said to be irrational. Insurance Law former § 672 (1) (a) (now Insurance Law § 5103 [a] [1]) provides that an automobile liability insurance policy need not include coverage for "occupants of another motor vehicle". Petitioner's policy contains such an exemption. Insurance Law former § 671 (6) (now Insurance Law § 5102 [f]) defines the term "motor vehicle" by referring to the definition in Vehicle and Traffic Law § 311. Vehicle and Traffic Law § 311 (2) states that "[t]he term 'motor vehicle' shall be defined as in section one hundred twenty-five of this chapter, except that it shall also include trailers, semi-trailers and tractors".

Petitioner argues that since the law states that a trailer is considered a separate motor vehicle, the occupants of the trailer were "occupants of another motor vehicle" (Insurance Law § 5103 [a] [1]), as a consequence of which petitioner was not required to pay first-party no-fault benefits to the occupants of the trailer, and that it was irrational for the arbitration panel to have held otherwise. Although the arbitration panel could have adopted the argument petitioner advances, it was not irrational for the panel to have ruled against petitioner. A rational hypothesis for the panel's decision can be found in the following facts:

(a) The vehicle insured by petitioner was the "power unit". In essence, the motor vehicle and powerless trailer formed an entity that was completely at the mercy of the actions of petitioner's insured.

(b) The driver of the vehicle insured by petitioner operated his vehicle with knowledge that there were passengers riding in the trailer.

(c) The only means of securing and maintaining one's position in the trailer was to grasp onto the metal of the trailer itself. There were no accommodations for passengers in the trailer.

(d) The three persons riding in the trailer can only be considered passengers.

(e) The injuries to the claimant occurred as a result of contact between the vehicle insured by petitioner and a bus. The "powerless" unit, the trailer, was merely appendaged to this vehicle and did not make contact with the bus.

Hence, we affirm the judgment of Special Term denying petitioner's application to vacate the arbitration award. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.