■ In the Matter of the Arbitration between NIXON TAXI CORPORATION, Appellant, and STATE FARM GENERAL INSURANCE COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal from a judgment of the Supreme Court, Queens County (Miller, J.), dated November 4, 1985, which modified the arbitration award by reducing the petitioner's award from the sum of $55,698.40 to the sum of $5,569.84.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the

Supreme Court, Queens County, for a hearing and determination as to whether Michelle Apollon was the representative of the respondent State Farm General Insurance Company, and for a new determination on the petitioner's application to confirm the arbitration award, in accordance herewith.

On January 24, 1982, a taxi owned by the petitioner, operated by one of its employees, Bulawa, and carrying two passengers, Zangos and Acosta, collided with a car owned and operated by a Mr. Khweiss, who was insured by the respondent. Zangos and Acosta were injured, and the petitioner, a self-insurer, paid $50,000 to Acosta, and $5,698.40 to Zangos in first-party no-fault benefits. Acosta and Zangos then commenced a personal injury action in the Supreme Court, Queens County, against the petitioner, its driver Bulawa, and Khweiss. On May 25, 1984, the petitioner, by its attorney Reingold, filed for compulsory intercompany arbitration against the respondent, pursuant to Insurance Law § 5105 (b), to recover from the respondent all of the no-fault payments it had made to Zangos and Acosta. The petitioner's arbitration notice listed one John Scalzi as the respondent's representative. According to the petitioner, after the jury was selected in the personal injury action, but before the trial, Zangos and Acosta settled with the petitioner for $10,000 each, and at this point, the petitioner was no longer directly involved in the trial. On October 10, 1984, a jury verdict was rendered in the personal injury action finding the petitioner and its driver 90% liable and Khweiss, the respondent's insured, 10% liable.

On December 4, 1984, the petitioner's attorney Reingold wrote to the New York Arbitration Committee stating that the matter in arbitration had been settled and asking them to close the claim. Accordingly, the arbitration file was marked closed without a hearing, as of December 5, 1984, with the explanation "Settled per Marvin Reingold". The committee's decision was forwarded to John Scalzi, the respondent's representative.

Thereafter, the petitioner realized that it erred in requesting that the matter in arbitration be marked settled. Accordingly, it sent a letter dated April 16, 1985, to the New York Arbitration Committee requesting that the matter in arbitration be reopened due to the fact that it had been marked settled in error. The petitioner was advised by the Committee to reapply for arbitration and indicate within the body of the reapplication that the matter had been settled in error. The petitioner followed this advice. However, even though John Scalzi had represented the respondent in all the prior proceed-

ings between the parties, the petitioner's second arbitration notice was "forwarded" by the petitioner on or about April 24, 1985, to one Michelle Apollon as the alleged representative of the respondent (11 NYCRR 65.10 [d] [2] [iii]). The record indicates that Apollon's address and telephone number, listed on the second arbitration notice, differed from Scalzi's.

Thereafter, the Committee sent a notice of the arbitration hearing, scheduled for July 1, 1985, to Apollon as the representative of the respondent (11 NYCRR 65.10 [d] [3] [iii]).

The arbitration hearing was conducted on July 1, 1985, but the respondent did not appear. The arbitration panel noted that the respondent had not submitted any file, and found that the petitioner had thus proved its "case for 100%", i.e., it awarded petitioner the $50,000 it had paid in first-party benefits to Acosta plus the $5,698.40 it had paid to Zangos.

Thereafter, the petitioner commenced the instant proceeding to confirm the arbitration award.

In opposition to the petitioner's motion to confirm the arbitration award, the respondent, by its attorney, Scalzi, alleged, *inter alia,* that (1) Michelle Apollon was not the representative of the respondent and (2) accordingly, the respondent was never served with either the second arbitration notice or the notice of the arbitration hearing. The respondent's attorney alleged that "the first notice of any award or any proceeding or any request for a second arbitration of the same matter was this instant motion which was served upon the respondent".

The respondent's attorney also alerted Special Term to the jury's verdict in the third-party action, and argued that it "would be liable to no more than 10 per cent of any covered person's benefits paid by" the petitioner, since the jury's determination "as between the same parties on the same issue, is *res judicata* and cannot be disregarded by an arbitrator in a subsequent proceeding".

Finally, the respondent's attorney argued that the claim sought to be arbitrated in the petitioner's second arbitration notice was barred by the three-year Statute of Limitations (CPLR 214 [5]).

In a reply affidavit, the petitioner's counsel alleged, *inter alia,* that Apollon was a "claims representative at the Great Neck office" of the respondent, and receipt by Apollon constituted receipt by the respondent.

Special Term modified the arbitration award, in accordance

with the jury verdict in the third-party action, by reducing the total award rendered by the arbitration panel from $55,698.40 to $5,569.84. Specifically, the Special Term stated: "Petitioner failed to notify the arbitrator of the jury determination in the trial before Judge Lonschein of October 10, 1984 in Supreme Court, Queens County".

Special Term erred in resolving the instant proceeding without first conducting a hearing on the question of whether Michelle Apollon was the representative of the respondent. This question was sharply disputed by both parties and could not be resolved on papers. Moreover, the answer to this question is essential to a proper resolution of the instant proceeding. If, after a hearing, it is determined that Apollon was not the respondent's representative, and that the respondent was therefore never served with the appropriate papers (11 NYCRR 65.10 [d] [2] [iii]; [3] [iii]), then the petitioner's motion would have to be denied, the arbitration award vacated, and a new arbitration hearing ordered (see, CPLR 7511 [b] [1] [i], [iv]; [2] [i]; *Matter of Kyne [Molfetas]*, 3 AD2d 384; *Matter of Carmona v Insurance Arbitration Forums*, 98 AD2d 616). Moreover, a determination that Apollon was not the respondent's representative, and that the respondent was therefore never served with the second arbitration notice, would require Special Term to rule on the respondent's Statute of Limitations defense (CPLR 7502 [b]; 7511 [b] [2] [iv]). If on the other hand, it is determined after a hearing that Apollon was the representative of the respondent, and that the respondent was therefore served with the appropriate papers but nevertheless failed to appear and present evidence to the arbitrator concerning the jury verdict in the third-party action, then the petitioner's motion to confirm the arbitration award would have to be granted in toto. Under this latter scenario, the arbitrator's award could not be considered "wholly irrational when considered in light of the evidence before the arbitrator at the time it was made" (*Matter of Central Gen. Hosp. v Hanover Ins. Co.*, 71 AD2d 890, *affd* 49 NY2d 950; *Matter of Unigard Mut. Ins. Co. v Hartford Ins. Group*, 108 AD2d 917, 919; *Matter of Shand [Aetna Ins. Co.]*, 74 AD2d 442).

Accordingly, the judgment appealed from must be reversed and the matter remitted to the Supreme Court, Queens County, for a hearing and determination as to whether Michelle Apollon was the representative of the respondent. Upon such a determination, Special Term should rule on the petitioner's application to confirm the arbitration award in accor-

dance with the views expressed herein. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.