■ In the Matter of the Arbitration between NIXON TAXI CORP., Appellant, and STATE FARM GENERAL INSURANCE CO., Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated March 8, 1988, as found, after a hearing, that Michelle Apollon was not the representative of the respondent and was never served with the second arbitration notice.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance with the remittitur contained in the decision and order of this court dated March 9, 1987 *(see, Matter of Nixon Taxi Corp. [State Farm Gen. Ins. Co.],* 128 AD2d 616).

The petitioner Nixon Taxi Corp. (hereinafter Nixon) sought reimbursement of first-party no-fault insurance benefits from the respondent State Farm General Insurance Co. (hereinafter State Farm) and served an intercompany notice of arbitration in or about May 1984. Subsequently, this arbitration proceeding was erroneously marked settled and closed.

Thereafter, Nixon sought to reopen the arbitration and allegedly mailed a second notice of arbitration to a Michelle Apollon as the purported representative of State Farm. An arbitration hearing was conducted on July 1, 1985, at which State Farm did not appear and an award was made to Nixon for 100% reimbursement of its payments.

Nixon thereafter commenced this proceeding to confirm the award. The Supreme Court, Queens County (Miller, J.), modified the award by reducing it pursuant to the percentages of fault determined by the jury in the underlying personal injury action. We reversed that order *(see, Matter of Nixon Taxi Corp. [State Farm Gen. Ins. Co.],* 128 AD2d 616, *supra),* and remitted the case to the Supreme Court, Queens County, for a hearing to determine the issue of whether Michelle Apollon was a representative of State Farm for the purpose of receiving the arbitration notice.

At the hearing on remittitur, it appeared that Nixon's

attorney had initially addressed the notice to John Scalzi. When that notice was returned as nondeliverable the petitioner's attorney then changed the name on the notice to Michelle Apollon and remailed it.

We find that the Supreme Court properly determined that Ms. Apollon was not the representative authorized by State Farm to receive notice of Nixon's intention to seek arbitration of its claim for intercompany reimbursement of first-party no-fault benefits (see, 11 NYCRR 65.10) and that, in any event, there was insufficient proof of service of such notice upon her.

The testimony of Ms. Apollon at an examination before trial indicated that, during the time period in question, she was a claims adjuster in State Farm's suit negotiation unit. Her testimony also showed that another employee of State Farm was responsible for the file in this matter. Contrary to Nixon's contention, State Farm's attorney merely admitted at the hearing that Michelle Apollon was an employee of State Farm during the time in question and not that she was an authorized representative for the purpose of receiving the notice herein.

Further, it appears that the notice was originally sent to Mr. Scalzi, the person designated by State Farm to receive it, at the wrong address. There was no proof adduced as to when the notice was originally returned to Nixon's attorney or as to when it was remailed.

As there was a failure to show service of the second notice upon a proper representative of State Farm, the order must be affirmed insofar as appealed from and the matter remitted to the Supreme Court, Queens County, for further proceedings in accordance with the remittitur contained in the decision and order of this court dated March 9, 1987 (see, Matter of Nixon Taxi Corp. [State Farm Gen. Ins. Co.], 128 AD2d 616, supra). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.