■ MICHAEL E. FARERI, Respondent, v RAIN'S INTERNATIONAL LTD., Defendant, and NICK SPITHOGIANIS, Appellant.—In an action to recover the balance due on a note, the defendant Nick Spithogianis appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered July 5, 1990, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $250,000.

Ordered that the judgment is reversed, on the law, with costs, the complaint is dismissed as against the defendant Spithogianis, the transaction and its supporting documents are declared void, and the plaintiff is enjoined from any action thereon; it is further,

Ordered that the loan documents and the collateral secured thereby be canceled and surrendered.

The plaintiff commenced this action to recover the sum of $250,000, together with interest and attorneys' fees allegedly due and owing upon a promissory note dated December 7, 1983, made and delivered by the defendant Rain's International Ltd. (hereinafter Rain's), the payment of which was guaranteed by the individual defendant Nick Spithogianis. The loan agreement as drafted was to be repaid in 18 monthly installments of principal and interest, which was to accrue at the rate of 15% per year. The loan agreement also provided, among other things, that Rain's would pay certain "Loan Charges", including "[a]n origination fee to the Lender in the sum of $30,000" (emphasis supplied).

The defendants interposed the defense of criminal usury,

claiming that the $30,000 origination fee payable to the plaintiff in addition to the 15% interest, exceeded the statutory threshold of 25% (see, Penal Law § 190.40; General Obligations Law § 5-521 [3]). During the course of the litigation, the corporate defendant declared bankruptcy and the action was thereafter continued against Spithogianis alone.

At trial, the parties stipulated that on its face the loan agreement exacted an effective rate of interest of 26.14%. However, the plaintiff claimed that the clause setting forth the origination fee had been drafted incorrectly. The testimony of the plaintiff and his witnesses was to the effect that the plaintiff only received $12,500 of this fee and that an additional $17,500 in commissions which had been paid to other individuals were lumped together with the plaintiff's portion, resulting in the $30,000 figure.

The Supreme Court, crediting the plaintiff's evidence, concluded that the plaintiff had only received $12,500 of the $30,000 fee, and that, therefore, Spithogianis had failed to establish that the loan was in fact usurious. We find this to be error, and, therefore, we reverse.

As stipulated by the parties, the loan agreement was usurious on its face, and thus, usurious intent may be implied (see, Giventer v Arnow, 37 NY2d 305, 309; Norstar Bank v Pickard & Anderson, 155 AD2d 911). Moreover, parol evidence was not admissible to contradict the unambiguous provision concerning to whom the origination fee was payable (see, Marine Midland Bank-S. v Thurlow, 53 NY2d 381; Harris v Eakins, 201 App Div 257; cf., Freitas v Geddes Sav. & Loan Assn., 63 NY2d 254). We find that the stipulation of the parties that the loan agreement exacted an effective rate of interest of 26.14% is confirmed by application of the method of calculations authorized by the Court of Appeals in Band Realty Co. v North Brewster (37 NY2d 460) and Hammelburger v Foursome Inn Corp. (54 NY2d 580). Therefore, the agreement is in violation of Penal Law § 190.40 and was void ab initio (see, Szerdahelyi v Harris, 67 NY2d 42). As stated by the Court of Appeals in Szerdahelyi v Harris, (67 NY2d 42, 48, supra), "when a court deems a transaction to be usurious, it must declare the transaction and its supporting documents void, enjoining prosecution on them and order that all documents and collateral be canceled and surrendered". Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.