■ SHAWN PERSAUD, Respondent, v TEANECK NURSING CENTER, INC., et al., Defendants, and LONG TERM CARE CONSULTANTS, INC., et al., Appellants. [736 NYS2d 367] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about August 1, 2000, which, inter alia, found that proper service and jurisdiction was obtained over defendants Long Term Care Consultants, Inc. and Michael Konig, and order, same court and Justice, entered August 8, 2000, which denied defendants Long Term Care Consultants, Inc. and Michael Konig's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion to dismiss granted. The Clerk is directed to enter judgment in favor of defendants-appellants Long Term Care Consultants, Inc. and Michael Konig, dismissing the complaint as against them.

The IAS court erred in concluding that proper service of the summonses and complaints was effectuated upon defendants. Defendants provided sufficient evidence in the form of sworn

affidavits demonstrating that they were never served with process in accordance with CPLR 308 and 311. It is well settled that the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made (*see, McCray v Petrini*, 212 AD2d 676). Plaintiff failed to sustain his burden of proof, since he failed to offer testimony or sworn affidavits from the process server or Frank Infante, the individual who plaintiff asserts was authorized to receive service. Without this evidence, plaintiff failed to prove that Infante was actually employed by or authorized to accept service on behalf of defendant Long Term Care Consultants, Inc. (*see, Silverman v St. Vincent's Hosp. & Med. Ctr.*, 197 AD2d 459). Further, plaintiff failed to demonstrate that defendant Michael Konig was ever served at his place of business or his residence, or that Mr. Konig received a copy of the summons and complaint in the mail. Strict compliance with all the service dictates of CPLR 308 and 311 is required in order to obtain jurisdiction (*see, Olsen v Haddad*, 187 AD2d 375, *lv denied* 81 NY2d 707). Here, proof of such compliance is lacking. Concur— Andrias, J.P., Rosenberger, Lerner, Buckley and Marlow, JJ.