■ TADIR AIR, INC., Respondent, v FGH REALTY, INC., Appellant, et al., Defendant. [746 NYS2d 160]

In this action to foreclose on a mechanic's lien seeking recovery of the cost of goods and services provided by plaintiff subcontractor Tadir Air, Inc. (Tadir), defendant FGH Realty, Inc. (FGH) moved for summary judgment on the grounds, inter alia, that Tadir failed to properly serve the notice of lien and summons and complaint on it, mandating dismissal of the action. The IAS court denied the motion, finding that FGH's

denial of ownership of the building known as 90 West Street and its claims of improper service failed to establish that "[Tadir] could raise no triable issue." We reverse.

On August 21, 2000, Tadir filed a notice of mechanic's lien against the property located at 90 West Street (property). The notice identified the owner of the property as "FGH Realty," and the affidavit of service showed that the notice was served on "FGH * * * c/o Cushman & Wakefield, 90 West Street, Room 612, New York, NY." In January 2001, Tadir commenced this action by filing a summons and complaint, apparently serving FGH by delivering a copy of the summons and complaint to Cushman & Wakefield's office at the property.*

The action must be dismissed because the summons and complaint were not properly served on defendant FGH. CPLR 311 (a) (1) provides, in relevant part, that service on a corporation may be effected by delivering the summons to an "officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."

FGH submitted an affidavit of its vice-president stating that Cushman & Wakefield was not its agent, was not authorized to accept process on its behalf and that FGH had no office at the property. Tadir submitted no evidence contradicting these assertions. There is no affidavit of the process server demonstrating service on FGH or its agent. Nor is there any affidavit from Cushman & Wakefield tending to establish that it was an agent of FGH authorized to accept process. Given Tadir's failure to submit any evidence in opposition to FGH's showing that it was not properly served, it has failed to raise an issue of fact as to FGH's defense of lack of jurisdiction and the complaint must be dismissed (*see, Persaud v Teaneck Nursing Ctr.*, 290 AD2d 350, 350-351).

In light of the above determination, we need not address FGH's additional arguments for dismissal concerning Tadir's noncompliance with the service provisions of the Lien Law and the deficiencies in its individual causes of action. Concur— Mazzarelli, J.P., Sullivan, Ellerin, Wallach and Gonzalez, JJ.

* No affidavit of service of the summons and complaint is included in the record on appeal.