In a proceeding pursuant to CPLR article 75 to confirm three arbitration awards, Cannon Express Corp. appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 23, 2002, which granted the petitioner’s motion to confirm the awards and denied its cross motion to vacate the awards.
Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the arbitration awards are vacated.
Hanover Insurance Company (hereinafter Hanover) paid no-fault first-party benefits following an accident involving its insured and a vehicle owned by Cannon Express Corp. (hereinafter Cannon). Cannon’s headquarters are located in Arkansas, and it is self-insured. Hanover then submitted its subrogation claim against Cannon to mandatory arbitration pursuant to Insurance Law § 5105. Cannon failed to appear at the arbitration *359 hearings, and awards were issued in Hanover’s favor. Hanover commenced this proceeding to confirm the awards, and Cannon cross-moved to vacate the awards.
Contrary to Cannon’s contention, the Supreme Court had personal jurisdiction over it. The affidavit of service produced by Hanover was prima facie proof of proper service pursuant to CPLR 311 (a) (1) (see Rox Riv 83 Partners v Ettinger, 276 AD2d 782 [2000]), and Cannon failed to dispute the facts alleged in the affidavit (see Genway Corp. v Elgut, 177 AD2d 467 [1991]).
However, the arbitration awards should have been vacated on the ground that the procedures set forth in CPLR article 75 were not followed (see CPLR 7511 [b] [2]; Matter of Nixon Taxi Corp., 128 AD2d 616 [1987]). The evidence established that Hanover was aware that Cannon’s attorney, whose office was located in Albany, New York, was handling this matter. However, the notice of intention to arbitrate was sent to Cannon’s headquarters in Arkansas, rather than to its local representative, as required by 11 NYCRR 65.10 (d) (2) (iii) (see Matter of Dandy Dan Taxi v Insurance Co. of State of Pa., 155 AD2d 458 [1989]). Moreover, there is no proof in the record that notice of the arbitration hearings was sent to Cannon or its representative by certified mail (see CPLR 7506 [b]; 11 NYCRR 65.10 [d] [3] [iii]; Matter of Oakland Jewish Ctr. v Isaacson, 179 AD2d 761 [1992]; cf. Matter of Eagle Ins. Co. [National Union Fire Ins. Co. of Pa.], 202 AD2d 273 [1994]). Smith, J.P, Townes, Cozier and Mastro, JJ., concur.