## Citilink Motors, LLC v Joel K. Holding Co, LLC

2024 NY Slip Op 32560(U)

July 25, 2024

Supreme Court, Kings County

Docket Number: Index No. 510636/2024

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
-----------------------------------------------x
CITILINK MOTORS, LLC & MR. SAMUEL M.
HECHT,

         Plaintiff,    Decision and order

   - against -       Index No. 510636/2024

JOEL K. HOLDING CO, LLC & MR. YOEL
KLEIN,

         Defendant,   July 25, 2024
-----------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN   Motion Seq. #1 & #2

   The plaintiff has moved pursuant to CPLR §3213 seeking summary judgement in lieu of a complaint. The defendants have cross-moved seeking to dismiss the action on the grounds there was improper service and also seek summary judgement dismissing the action. The motions have been opposed respectively. Papers were submitted by the parties and arguments held. After reviewing of all the arguments, this court now makes the following determination.

   On November 29, 2017, the defendant Yoel Klein as borrower executed a promissory note to the plaintiff in the amount of $707,000. The defendant Yoel Klein guaranteed the debt in his individual capacity. The defendant has not made any payments pursuant to the note and guaranty.

   On January 5, 2018, the defendant Yoel Klein as borrower executed a promissory note to the plaintiff in the amount of $275,000. The defendant Yoel Klein guaranteed the debt in his

[*1]

individual capacity. The defendant has not made any payments pursuant to the note and guaranty.

On February 2, 2018, the defendant Yoel Klein as borrower executed a promissory note to the plaintiff in the amount of $342,500. The defendant Yoel Klein guaranteed the debt in his individual capacity. The defendant has not made any payments pursuant to the note and guaranty.

The plaintiff now moves seeking summary judgement concerning the first note including interest in the amount of $1,998,074, the second note including interest in the amount of $772,334.63 and the third note including interest in the amount of $979,669.07 plus interest until judgement is entered. The defendants, as noted, have cross-moved arguing they were never served with process.

## Conclusions of Law

It is well settled that the statutory framework for service of process is to fairly notify the defendant of an impending action and provide the defendant with the mechanisms necessary to adequately respond (Valz v. Sheepshead Bay Bungalow Corporation, 249 NY 122 163 NE 124 [1928]). Moreover, service of process is also an exercise of the court's power and authority over litigants and thus, such service of process infuses the

2

litigation with court sanctioned legitimacy (McDonald v. Ames Supply Co., 22 NY2d 111, 291 NYS2d 328 [1968]). It is for these reasons that simple notice is insufficient to confer jurisdiction over a defendant (Bankers Trust Company of California, N. A. v. Tsoukas, 303 AD2d 343, 756 NYS2d 92 [2d Dept., 2003]). Likewise, the failure to abide by any of the necessary requirements for the lawful service of a summons and complaint will result in the failure to confer jurisdiction (Persaud v. Teanech Nursing Center, Inc., 290 AD2d 350, 736 NYS2d 367 [1st Dept., 2002]).

Pursuant to CPLR §311-a service upon a company such as the defendant in this case can only be made "to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant" (id). Generally a process server's affidavit provides prima facie evidence of proper service (Household Finance Realty Corp., of New York v. Brown, 13 AD3d 340, 785 NYS2d 742 [2d Dept., 2004]). To contend that service was improper and that defendant is entitled to a hearing on the matter, the defendant must allege facts to support the contention (Mortgage Electronic Registration Systems, Inc., v. Schotter, 50 AD3d 983, 857 NYS2d 592 [2d Dept., 2008, Hannover Insurance Company v. Cannon Express Corp., 1 AD3d 358, 766 NYS2d 853 [2d Dept., 2003]).

3

[*3]

The affidavit of the process server, John Athanasatos, states that on April 16, 2024, at the defendant's home a woman stated she knew of the corporation and also knew the defendant Yoel Klein (see, Affidavit of Service [NYSCEF Doc. No. 15]). This woman was Molly Klein, the wife of Yoel Klein and she accepted service on behalf of both defendants. In Ciafone v. Queens Center for Rehabilitation and Residential Healthcare, 126 AD3d 662, 5 NYS3d 462 [2d Dept., 2015] the court held that "jurisdiction was not obtained by the alleged delivery of the summons and complaint to an employee at the facility's security desk because it is a limited liability company, and its four individual members are the only persons authorized to accept service on its behalf" (id). Thus, service cannot be effectuated pursuant to CPLR §311-a by delivery to someone of suitable age and discretion pursuant to CPLR §308(2). Therefore, the motion seeking to dismiss the defendant Joel K. Holding Co., LLC is granted.

Turning to the defendant Yoel Klein, he was served in his individual capacity pursuant to CPLR §308(2). There is no basis to challenge the service effectuated on his wife as someone with suitable age and discretion. The mere denial of receipt, without more, is insufficient to rebut the presumption of proper service created by a statutorily sufficient affidavit of service (Indymac

4

[*4]

Federal Bank FSB v. Quattrochi, 99 AD3d 763, 952 NYS2d 239 [2d Dept., 2012]).

Therefore, there is no basis to contend that service upon Yoel Klein was improper and no evidence has been presented that even warrants a hearing. Therefore, the motion seeking to dismiss the complaint as to Yoel Klein based upon service of process is denied.

Turning to the timeliness of the lawsuit, pursuant to CPLR §231(2) the statute of limitations for a breach of contract claim is six years. Moreover, the statute of limitations begins to run when a cause of action accrues (CPLR §203(a)) which means "when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court" (see, Aetna Life & Casualty Company v. Nelson, 67 NY2d 169, 501 NYS2d 313 [1986]). Thus, according to the notes the payments were due on February 21, 2018, April 2, 2018 and April 11, 2018. Consequently, any lawsuit was required to be filed within six years of those dates. The lawsuit was commenced on April 15, 2024. While that date appears to be later than six years, on March 20, 2020, Governor Andrew Cuomo signed Executive Order 202.8, which tolled the state statute of limitations due to the Covid-19 pandemic (see, 9 NYCRR §8.202). The toll was extended until November 3, 2020 (see, §§8.202.14, 8.202.28, 8.202.38,

5

8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.63, and 8.202.67. Executive Order 202.72 stated the tolling of time limits established by Executive Order 202.8 would no longer be in effect as of November 4, 2020) and therefore the statute of limitations was tolled for 228 days (see, McLaughlin v. Snowlift Inc., 214 AD3d 720, 185 NYS3d 212 [2d Dept., 2023]). Considering the toll in place this action was timely commenced.

Next, the defendants argue the plaintiffs do not maintain any standing to pursue this action since they are not the holders of any of the notes. The first and third note lists David Genuth as the payee and the second note lists Joseph Hecht as the payee. However, Mr. Genuth assigned the right to pursue the lawsuit to the plaintiff Samuel Hecht (see, Affidavit of David Genuth, ¶¶6, 45 [NYSCEF Doc. No. 23]). Likewise, Mr. Joseph Hecht assigned the right to pursue the lawsuit to the plaintiff Samuel Hecht (see, Affidavit of Joseph Hecht, ¶¶7, 41, 46 [NYSCEF Doc. No. 24]). Therefore, the plaintiffs maintain standing to pursue this action.

Next, the defendant argues the notes are criminally usurious loans. Indeed, all three notes state the interest rate is twenty-nine percent per annum. In New York, a rate of interest that exceeds twenty-five percent is criminally usurious (PL §190.40). Thus, the loans are usurious. Furthermore, the

6

existence of what is commonly termed a "usury savings clause" or a "usury avoidance clause" which purports to reduce the interest stated to a permitted amount does not save the loan from being usurious. In Fred Schutzman Company v. Park Slope Advanced Medical, PLLC, 128 AD3d 1007, 9 NYS3d 682 [2nd Dept., 2015]) the court explained that "a clause in the subject promissory note purporting to reduce the rate of interest to a non-usurious rate if the rate originally imposed was found to be usurious could not save the note from being usurious" (id).

The plaintiffs present numerous arguments why the court should not void the contract. First, they assert the parties entered into a Heter Iska, a religious document utilized to circumvent the Jewish prohibition against interest by treating all loans as partnerships or business ventures (see, In re Venture Mortgage Fund L.P., 245 BR 460 [S.D.N.Y. 2000]). Thus, they assert that in fact no loan took place. However, the notes clearly evidence loans and obligations pursuant to the notes are not affected by a Heter Iska (8430985 Canada Inc., v. United Realty Advisors LP, 148 AD3d 428, 48 NYS3d 402 [1st Dept., 2017]). Thus, a Heter Iska is "merely a compliance in form with Hebraic law" and does not actually create any partnership, joint venture, or some other profit sharing agreement (see, Kirzner v. Plasticware LLC, 47 Misc3d 1209(A), 16 NYS3d 792 [Supreme Court

7

[*7]

Kings County 2015]). Therefore, there is no basis to assert the notes are not really loans.

The plaintiff next asserts that there is no conclusive consensus whether criminally usurious loans are void and the court should not declare the loans void when to do so would absolve the defendant of paying the loans, an unjust and unconscionable result. General Obligations Law §5-511 states that usurious contracts contained within General Obligations Law §5-501 are void. General Obligations Law §5-501 governs civil usury. The voiding statute does not mention criminal usury at all. Therefore, in Sabella v. Scantek Medical Inc., 2009 WL 3233703 [S.D.N.Y. 2009] the court held it was an "open question" whether criminally usurious loans are void.

However, while that may be true in the Federal Courts (see, In re Venture Mortgage Fund L.P., 282 F3d 185 [2d Cir. 2002]) there is no question that contracts that contain rates that are criminally usurious are void ab initio in New York state courts. Thus, in Fareri v. Rain's International Ltd., 187 AD2d 481, 589 NYS2d 579 [2d Dept., 1992] where a contract had an effective interest rate above twenty-five percent the court explicitly stated that "the agreement is in violation of Penal Law 190.40 and was void ab initio" (id). In Funding Group Inc., v. Water Chef Inc., 19 Misc3d 483, 852 NYS2d 736 [Supreme Court New York

8

[*8]

County 2008] the court sought to distinguish Fareri (supra) by essentially asserting that Fareri merely copied language from an earlier case that dealt with civil usury and inadvertently applied the rule to criminal usury as well. To the extent other courts impute such explanations in attempts to soften the result of Fareri, this court is bound by its plain language. Again, in Blue Wolf Capital Fund II, L.P. v. American Stevedoring Inc., 105 AD3d 178, 961 NYS2d 86 [1st Dept., 2013] the court held that a note with criminally usurious interest was void (see, In re BH Sutton Mezz IIC, 2016 WL 8352445 [S.D.N.Y. 2016] essentially disagreeing with Blue Wolf (supra) and consistent with Federal decisions refused to declare the note void). Finally, in Venables v. Sagona, 85 AD3d 904, 925 NYS2d 578 [2d Dept., 2011] the court explicitly upheld the dismissal of a "cause of action seeking recovery of principal and interest payments pursuant to the demand note on the ground that the subject transaction was void and unenforceable" (id) where the rate of interest was criminally usurious (see, also, Roopchand v. Mohammed, 154 AD3d 986, 62 NYS3d 514 [2d Dept., 2017], Powercap Partners LLC v. Beaux Equities LLC, 77 Misc3d 1221(A), 179 NYS3d 894 [Supreme Court New York County 2023], Sasidharan v. Piverger, 43 Misc3d 1231(A), 993 NYS2d 646 [Supreme Court Kings County 2014]).

9

These cases are direct and binding authority that any contract that contains usurious interest rates is void. The court is constrained to follow the above precedent and is unable to temper the harshness of this result. Any efforts to amend the law and validate usurious contracts, at least concerning the principle, must be addressed to the Legislature. Therefore, the notes which contain criminally usurious interest are unenforceable. Consequently the plaintiff's motion seeking summary judgement is denied and the cross-motion seeking dismissal of the lawsuit is granted.

So ordered.

ENTER:

DATED: July 25, 2024
      Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

10