In the Matter of SIMON METRIK and JACOB W. FRIEDMAN, Attorneys, Respondents. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 4, 1963.

*John G. Bonomi* of counsel (*Michael Franck* with him on the brief), for petitioner.

*Simon Metrik* and *Jacob W. Friedman,* respondents in person.

*Per Curiam.* The respondents are charged with the failure to uphold the honor and dignity of the profession (canon 29) and failure to preserve the confidences of a client (canon 37) of the Canons of Professional Ethics.

Respondent Metrik was retained as counsel by one Alicia Clark and apparently rendered services in that capacity between and possibly including the months of September and December, 1961. Differences or disagreements arose between attorney and client and respondent Metrik's services were terminated. Subsequently he instituted an action to recover compensation for the services

rendered. After joinder of issue a demand for a bill of particulars was served upon respondent Friedman, who appeared as counsel in the proceeding for respondent Metrik. In response thereto a bill of particulars, prepared by respondent Friedman based upon information given him by Metrik, was served upon the attorneys for the defendant. The charges here involved are based upon the contents of that bill of particulars.

In response to the charges the respondents assert that the disclosures made were necessary and were made in good faith. They assert also as to one item, generally referred to as the commission of a contemplated crime, that there is no privilege against disclosure.

Under section 353 of the Civil Practice Act, an attorney is not allowed to disclose communications made by a client or advice given by him in the course of his professional employment. Wigmore expresses the general principle '' Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived.'' (8 Wigmore, Evidence [McNaughton Rev., 1961], § 2292.) '' [The] primary object [of the privilege] was to secure the orderly administration of justice by insuring frank revelation by the client to the attorney without fear of a forced disclosure; in other words, to promote freedom of consultation.'' (*People ex rel. Vogelstein* v. *Warden of County Jail,* 150 Misc. 714, 717, Shientag, J.) In a very excellent discussion of privilege in the case cited, Mr. Justice Shientag points out that the law does not put the seal of secrecy on communications made as an aid to the accomplishment of an unlawful purpose. (To the same effect see 8 Wigmore, *supra,* § 2298.) Additionally, canon 37 of the Canons of Professional Ethics provides: '' [t]he announced intention of a client to commit a crime is not included within the confidences which he [the attorney] is bound to respect. He may properly make such disclosures as may be necessary to prevent the act or protect those against whom it is threatened.'' The disclosure here of the intended crime was not made to prevent the act or to protect those against whom it was threatened. It was made long after the alleged occurrence. It is difficult to conclude that such disclosure was made in good faith and was essential to the claim for compensation. Examination of the contents of the remainder of the bill reveals much not connected, even remotely, with that particular defense to the charges. Although the language of the demand for the bill clearly permitted a response

of unusual scope, examination of the contents of the bill supplied persuades us that it far exceeded permissive limits.

It would serve no good purpose to recite in detail the many instances where the language of the bill furnished is so clearly extraneous to the demand, that it constituted an unwarranted disclosure and an abuse of confidences of a client. Accordingly, the contention of respondents, as to these matters, that the disclosures were necessary and made in good faith must be rejected. We are also impelled to this conclusion by reason of the professional experience and standing of these respondents. Neither is a novice in the art of pleading.

The bill as supplied contains much matter which is not pertinent or necessary for compliance with the demand. Such matters constituted disclosures of confidences not clearly necessary to establish the claim for services, and the recital of them was for the purpose of bringing pressure to effect a settlement. Based upon such findings and so far as indicated we hold the charges sustained. By reason of the long-standing membership of respondents at the Bar, and the absence of any previous complaint, we deem a censure adequate.

The respondents, therefore, should be censured.

RABIN, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Respondents censured.