LEOLA LOVE, Appellant, *v.* GRAND TEMPLE DAUGHTERS et al., Respondents.

First Department, October 28, 1971.

*Frederick M. Douglass* for appellant.

*Cornelius McDougald* for respondents.

STEUER, J.   The petition alleges that I.B.P.O.E. of W. is the female auxiliary of a duly incorporated fraternal organization.   The auxiliary has a constitution and by-laws.   Nettie B. Smith is the grand daughter ruler of the auxiliary.   The membership of the auxiliary is composed of many autonomous temples.   Petitioner for 10 years was a member of one of these, Community Sunset Temple No. 1132 located in Yonkers, New York.

On December 11, 1969 the grand daughter ruler notified petitioner that she was indefinitely suspended as a member. This action was taken without the invocation of any of the disciplinary procedures (notice, hearing, etc.) provided for, and is contrary to the sanctions set out in the constitution. Petitioner protested to the grand exalted ruler, the chief executive officer of the Grand Temple, the parent organization, and he directed the grand daughter ruler to afford petitioner a trial.   On February 17, 1970 petitioner was given a summons stating that her conduct during the temple's annual dance was unbecoming.   Trial was to be held March 3, 1970.   It is further alleged that at the trial the grand district deputy, who is the personal representative of the grand daughter ruler, was present and directed the chairman of the trial committee in the conduct of the trial.   A report of the decision of the trial committee recommending petitioner be suspended was made to the local temple at a regular meeting of the membership on

March 12, 1970. The meeting was chaired by the grand district deputy instead of the executives of the local temple. The secretary advised petitioner by letter that as a result of the vote of the membership she was expelled for a period of 99 years. This letter was written with the advice and by direction of the grand district deputy. Petitioner immediately notified the grand daughter ruler that she wished to appeal. Her request for the minutes of the meeting was refused. On April 9, 1970 the grand daughter ruler presided over a meeting called to consider the appeal. Various irregularities are alleged in regard to the hearing of the appeal. After the hearing the appeal was denied.

The petition further alleges with specificity that these proceedings were contrary to the provisions of the constitution of the order and that the charges were not supported by substantial evidence. A prior petition was dismissed on the ground that the petitioner had not exhausted her administrative remedies. Following that decision petitioner, on August 12, 1970, sent a notice of appeal to the grand secretary of the female auxiliary of the order. It is alleged that at the following annual convention, August 21 through August 28, 1970, the grand daughter ruler refused to convene the executive board, refused to have the appeal brought before it or to allow the appeal to be brought before the convention.

There is no answer to the petition. In lieu thereof the respondents consisting of the parent auxiliary, the local temple and certain officers, moved to dismiss the petition on the ground that petitioner had not exhausted her remedies within the organization and that the decision expelling her is not final. The contention in that respect is twofold. First that petitioner did not appeal to the executive board and secondly that the appeal to the Grand Temple (presumably the membership) was untimely and improper in form. As to the latter the constitution requires two notices of appeal to be sent, one to the grand secretary and one to the grand daughter ruler. While the affidavit denies that either was sent, it admits that the grand secretary acknowleded receipt of the appeal. Further it is alleged that to bring on an appeal to the Grand Temple 60 days' notice is required and only 8 days were given.

As to the appeal to the executive board, it is not denied that the executive board convenes only at the pleasure of the grand daughter ruler and its determination is not binding but only advisory. It is axiomatic that while the courts will not entertain an application to overrule the determination of an organization until all remedies available to the petitioner have been

exhausted, it is equally clear that useless or unavailing procedures need not be followed (*Browne* v. *Hibbets,* 290 N. Y. 459; *Rodier* v. *Huddell,* 232 App. Div. 531). Here the only remedy was to appeal to the very officer whose official conduct is being challenged. Moreover, the petition alleges facts from which it might well be concluded that any decision by that officer would lack objectivity.

As to the time limitation, it would appear that its primary purpose is in relation to appeals involving the relationship of a local temple to the parent organization. If it be interpreted to govern individual appeals, there are two reasons why it does not show a failure to exhaust remedies. Firstly the refusal to allow the matter to be heard was not placed on that ground; secondly the time period is so prejudicial to the petitioner that its enforcement is inequitable. There will not be a meeting for another year. That is too long a time to force the petitioner to await vindication and to be deprived of her membership rights.

On this application the allegations of the petition are considered as true. This includes the allegations affecting the necessity of further steps within the organization. Any failure to take such steps may be pleaded as a defense to the petition in the answer.

The judgment entered June 2, 1971 (Riccobono, J.) should be reversed on the law, with $50 costs and disbursements to appellant, the petition reinstated and the respondents directed to answer within 20 days of the service of the order to be entered herein.

Capozzoli, J. P. (dissenting). I dissent because of the failure of the petitioner-appellant to exhaust the remedies provided in the constitution and by-laws of the respondent organization. She by-passed one appellate body and failed to submit her appeal, with sufficient notice, to be considered by the next appellate body.

Kupferman and Murphy, JJ., concur with Steuer, J.; Capozzoli, J. P., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on June 2, 1971, reversed, on the law, the petition reinstated and respondents directed to answer within 20 days of the service upon respondents by appellant of a copy of the order entered herein. Petitioner-appellant shall recover of respondents $50 costs and disbursements of this appeal.