Bernard F. McCaffrey, J.
The motion for an assessment of damages pursuant to CPLR 3215, is denied. In the alternative the defendant, First American Title Insurance Company of New York, shall serve its answer within 10 days of the date of this order.
The plaintiff’s position in seeking an assessment of damages under CPLR 3215 is based on a failure by the defendant, First American Title Insurance Company of New York, to answer the first of the two causes of action contained in the complaint, *255 Prior to the expiration of the stipulated time to serve an answer to the entire complaint, the defendant under CPLR 3211 (subd. [a], par. 7) moved to dismiss the second cause of action, which decision when the papers were submitted was pending. It is the contention of the plaintiff that since the time to answer the first cause of action has expired he is entitled to the relief sought in the motion under CPLR 3215.
The defendant sets forth he has not submitted an answer, his reason being that it is not necessary under CPLR 3211 (subd. [f]) until after a decision is rendered in his pending motion addressed to the second cause of action.
CPLR 3211 (subd. [f]) reads: “ (f) Extension of time to plead. Service of a notice of motion under subdivision (a) or (b) before service of a pleading responsive to the cause of action or defense sought to be dismissed extends the time to serve the pleading until, ten days after service of notice of entry of the order.”
The question before this court is, “ Does Section 3211 (f) operate to extend a defendant’s time to answer all causes of action in a complaint where the defendant has addressed a motion under CPLR 3211 (a) to only one of the causes of the action? ” In the Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3211, 03211:72, p. 78) Professor Siegel sets forth “the better construction would be that a CPLR 3211 motion made against any part of a pleading extends the time to serve a responsive pleading to all of it * * * Thus, where defendant moves to dismiss cause of action #1, he should be able to rely on subdivision (f) and its extension of time to serve his answer -to the other causes of action.”
Also, the court (Mr. Justice Hecht) in Lux Brill Prods. v. Eisenberg (N. Y. L. J., Feb. 9, 1967, p. 14, col. 8), in a similar situation, addressed itself to this very subject under CPLR 3211 (subd. [f]) stating, “ adherence to the course of action asserted by plaintiff, based upon a technical and .strict reading of that section, would not be in accord with the general policy of expeditious processing of actions, and of disregard, of formalities where adherence thereto would serve little or no purpose. Such an approach, under this section, might well result in requiring the service of several answers, before proper joinder of issue.”
This court concurs with the afore-mentioned rationale in interpreting CPLR 3211 (subd. [f]). In addition, there has been no showing of any willful default on the part of the defendant, First American Title Insurance Company of New York.
*256 The court notes that the decision in the pending motion attacking the second cause of action has been determined and was published in the New York Law Journal (United Equity Servs. v. First Amer. Tit. Ins. Co., N. Y. L. J., Aug. 1, 1973, p. 14, col. 1). Accordingly, the defendant shall serve his answer within 10 days of the date of this order.