OPINION OF THE COURT
Edward H. Lehner, J.
This is an application pursuant to CPLR 7503 (subd [b]) to stay arbitration of respondent’s claim for damages for personal injuries resulting from an accident with an unidentified motorist.
FACTS
Respondent served a demand for arbitration upon petitioner pursuant to CPLR 7503 (subd [c]) by delivering a copy on August 26, 1981 to the Superintendent of Insurance as designated agent pursuant to section 59 of the Insurance Law. The demand was mailed by the superintendent to the office of petitioner in Columbus, Ohio, on August 28, that being the address to which petitioner had requested the superintendent to forward all legal papers. The papers were received at the Columbus office on August 31. On September 18, petitioner obtained an order to show cause for a stay of arbitration which was mailed on that day to respondent’s attorney by certified mail, pursuant to the authority of CPLR 7503 (subd [c]). The petitioner seeks a preliminary trial to determine whether respondent is entitled to proceed to arbitration as claimed in his demand.
*958 respondent’s CLAIM
Respondent claims that the petition must be dismissed because it was not mailed within 20 days after service of the demand for arbitration as mandated by CPLR 7503 (subd [c]). Respondent argues that the 20-day period commenced to run from the date of service on the superintendent (August 26) and hence the institution of the proceeding on September 18 was not timely.
petitioner’s claim
Petitioner argues that the 20-day period did not commence to run until the demand was received at its Ohio office on August 31. Alternatively, petitioner claims that, even if the time in which to institute the proceeding ran from the date of service upon the superintendent, by serving the superintendent instead of mailing the demand to petitioner’s Syracuse office as authorized by statute, respondent “intended to hinder or prevent a contest of the right to arbitration”. Further, petitioner claims that the demand for arbitration form was not properly completed.
RELEVANT STATUTE
CPLR 7503 (subd [c]) provides that a demand for arbitration must be “served in the same manner as a summons or by registered or certified mail, return receipt requested” and that an “application to stay arbitration must be made by the party served within twenty days after service upon him” of such demand.
INTENT TO PREVENT NOTICE FROM BEING RECEIVED PROMPTLY
The cases cited in support of petitioner’s argument that the method of service was designed to prevent it from obtaining notice of the demand are inapplicable to the case at bar. In such cases, the person demanding arbitration used the mails as the means of service and was found to have directed the mail in a manner intended to prevent a fair opportunity to respond within the 20-day period (increased from 10 days by L 1973, ch 1028).
In Matter of Empire Mut. Ins. Co. (Levy) (35 AD2d 916), a notice to stay arbitration, served after the expiration of the time period, was held timely because the demand was served on movant’s Long Island office when the demanding *959 party knew the claim was being processed in the New York City office. The court stated: “If this service is effective to bar contest to the arbitration, an insurer that did a nationwide business could be served anywhere, with the practical certainty that it would be precluded from opposing arbitration.”
This case was cited approvingly by the Court of Appeals in Crawford v Merrill Lynch, Pierce, Fenner & Smith (35 NY2d 291), where a late application to stay was held timely because the demand was mailed to the opponent’s New York office when the demanding party was aware that the claim was being processed in the Syracuse office. To the same effect is Matter of Nationwide Mut. Ins. Co. (Monroe) (75 AD2d 765) where the demand for arbitration was mailed with a set of 18 other documents.
However, such line of cases is not relevant to the case at bar, as here it is not the demanding party that caused the demand to be mailed to Columbus, Ohio. Rather, it was the petitioner who mandated such routing by requiring the superintendent to mail to such address all legal process served upon him under section 59 of the Insurance Law. Certainly, respondent cannot be criticized for so doing as it would seem that in such manner he would avoid a possible claim that service was mailed to the wrong address, as occurred in the line of cases referred to above.
COMPUTATION OF 20-DAY PERIOD
With respect to when the 20-day period should commence to run, it was held in Matter of Knickerbocker Ins. Co. (Gilbert) (28 NY2d 57, 63), that it commences not on the mailing of the notice, but rather when it is received. It was reasoned that a party should have the full time period (then 10 days) to decide on whether to seek a stay and that the time should not be shortened by the days it takes the mail to be delivered to him. The court said (p 64) that the “price for this fairness is whatever short time it takes for the mail to be delivered, a matter outside the control of persons who use but do not run the mails”.
It is interesting to note that the rule of the Gilbert case (supra) is different from that applicable to service of papers upon attorneys in a pending action where service by mail is *960 deemed made when posted, with the statute (CPLR 2103) requiring three additional days’ advance notice.
However, service here was not by deposit in the mails, but rather in a manner authorized for service of a summons. The novel aspect of this case, therefore, is whether the 20-day period commences to run when received by the statutory agent in New York or when received by petitioner in Columbus.
The court finds no authority on this issue. But, applying the philosophy of the Gilbert case {supra), to enable a party being served to have a full 20-day period in which to determine whether to institute a stay motion, it would follow that the period should commence upon receipt by the insurer of the process received by the superintendent. If a summons in an action were served upon a statutory agent, CPLR 320 and 3012 provide for an additional 10-day period for answering and appearing.
CONCLUSION
Combining the Court of Appeals interpretation of a full 20 days’ notice with a statutory intention of providing additional time to answer when process is served upon the superintendent, the court finds that the 20-day period commenced on August 31 and the motion to stay arbitration served on September 18 was thus timely.
The issues raised as to whether respondent is entitled to proceed to arbitration under the uninsured motorist coverage of his policy cannot be determined on the submitted affidavits. A preliminary trial is required to determine his right to so proceed. (Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 NY2d 310.) Therefore, upon payment of the appropriate fees and the filing of a note of issue, the calendar clerk shall place this matter upon the Trial Calendar.
The motion to stay arbitration is granted.