■ In the Matter of SEA INSURANCE COMPANY, LTD., Respondent, v TROY HOPKINS et al., Appellants. — In a proceeding to stay arbitration, the appeals are (1) from an order of the Supreme Court, Queens County (Durante, J.), dated December 17, 1981, which, *inter alia,* failed to dismiss the proceeding as untimely, and (2) as limited by the appellants' brief, from so much of a further order of the same court dated March 4, 1982, as, upon reargument, adhered to the original determination. Appeal from the order dated December 17, 1981, dismissed. Said order was superseded by the order entered upon reargument. Order dated March 4, 1982 reversed insofar as appealed from, and, upon reargument, order dated December 17, 1981 vacated and petitioner's application dismissed. The parties are directed to proceed to arbitration forthwith.

Appellants are awarded one bill of $50 costs and disbursements. Appellants, while insured by petitioner insurance company, were involved in an automobile accident on December 15, 1980. Subsequently, appellants' service of a notice to arbitrate under the uninsured motorists benefits provision of the policy was met by petitioner's application to stay such arbitration. At issue is whether the latter application was timely made. Pursuant to CPLR 7503 (subd [c]), a notice of intent to arbitrate may be served by certified mail, return receipt requested, and the party so served is precluded from any stay of arbitration unless application is made within 20 days of service. In order to establish the date of service the appellants' attorney submitted an affirmation indicating he mailed a proper demand on August 11, 1981. Annexed thereto was a United States Postal Service "Receipt of Certified Mail" which reveals that a letter addressed to petitioner's insurance manager was deposited with the postal authorities on that date and delivered and receipted for two days thereafter. In opposition, petitioner acknowledged receiving the letter but denied it contained an arbitration demand. Instead, by affidavit of a claims examiner, there is a recitation that the envelope, a copy of the return receipt and "certain" (but unspecified) materials were received by her from petitioner's mailroom on August 21, 1981. Petitioner further contended that since a valid notice was not received by it from appellants until September 21, 1981 its application for a stay, made on October 8, 1981 was therefore timely. Special Term, *inter alia,* failed to dismiss the proceeding as untimely. We disagree. Appellants' attorney has affirmed that he properly mailed the demand for arbitration on August 11, 1981. This statement is supported by the postal receipt as well as petitioner's acknowledgment of receipt of a mailing from appellants two days later. A presumption of receipt may be created by a sworn statement attesting to ordinary mailing (cf. *Gardam & Son v Batterson,* 198 NY 175; Richardson, Evidence [Prince, 10th ed], § 80). The proffered denial of petitioner is noticeably unaccompanied by any knowledgeable and clear indication as to the contents of the mailing from appellants at the time of its delivery on August 13, 1981. Totally unpersuasive is an affidavit of denial on behalf of petitioner which did not originate from a person with firsthand knowledge of the envelope's initial receipt and contents at the time. Rather it was submitted by a claims examiner who merely stated that while she received material pertaining to appellants' claim from the office mailroom eight days after delivery, a demand for arbitration was not included in the material. Thus, we find the appellants' arbitration demand was mailed on August 11, 1981, and was received by petitioner on August 13, 1981. Accordingly, petitioner's application for a stay of arbitration, made on October 8, 1981, was untimely under CPLR 7503 (subd [c]). Titone, J. P., Thompson, Weinstein and Brown, JJ., concur.