■ In the Matter of METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Appellant, v PAULETTE BOISETTE, Respondent. — In a proceeding pursuant to CPLR 7503 to permanently stay arbitration, petitioner appeals from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), dated January 23, 1984, which denied its motion for leave to renew and reargue a decision in favor of the respondent, and (2) a judgment of the same court, dated March 28, 1984, which denied the application and dismissed the petition upon the ground that the proceeding had not been timely commenced.

Appeal from the order dated January 23, 1984 dismissed. No appeal lies from an order denying renewal and reargument of a decision.

Judgment dated March 28, 1984 reversed, and matter remitted to the Supreme Court, Suffolk County, for determination of the merits of the petitioner's application.

Petitioner is awarded one bill of costs.

On January 13, 1983, the petitioner insurance company brought this proceeding to permanently stay arbitration of an automobile hit-and-run accident claim, on the ground, *inter alia,* that the identity of the offending driver was known and that he was insured. Respondent, the claimant, opposed the petition on the ground, *inter alia,* that the proceeding was not timely commenced in accordance with CPLR 7503 (subd [c]). Petitioner maintained that the 20-day period within which to commence

the instant proceeding should not be deemed to have commenced until December 29, 1982, the date upon which the respondent's notice of intention to arbitrate was received in its Albany office. It appears without contradiction that the notice was sent to the "Metropolitan Ins. Co." at 25 Madison Avenue in New York City, the place where the Metropolitan *Life* Insurance Company, a separate entity, maintains an office. On December 20, 1982, the notice was received by Metropolitan Life and it was thereafter forwarded to the petitioner's home office in Rhode Island and from there to its Albany office, where all prior correspondence regarding the claim had been directed. Special Term ultimately denied the petitioner's application as untimely, and these appeals followed.

Where, as here, a claimant's attorney has intentionally or by inadvertence directed a notice of intention to arbitrate to the wrong corporate insurer, at an office other than that with which he had previously been communicating with regard to his client's claim, and, as a result of said misdirection and without apparent fault on the part of the insurer, receipt of the notice is substantially delayed, the claimant cannot rely upon the alleged untimeliness of the insurer's application to stay arbitration in order to defeat said application, at least where the proceeding has been commenced within 20 days after receipt of the claimant's notice by the proper office (see *Matter of American Security Ins. Co. [Tabacchi]*, 95 AD2d 808; *Matter of Empire Mut. Ins. Co. [Levy]*, 35 AD2d 916; cf. *Matter of CNA Ins. Co. v Glass,* 75 AD2d 600). Accordingly, since the initial application was timely made, Special Term should not have acted to deny the application without first proceeding to a consideration of the merits, following a hearing, if necessary. Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.