■ JAMES DE FALCO et al., Respondents, v JRS CONFECTIONARY, INC., Appellant, et al., Defendants.—In an action to recover a brokerage commission, the defendant JRS Confectionary, Inc. (hereinafter JRS) appeals from (1) an order of the Supreme Court, Queens County (Kassoff, J.), dated March 7, 1984, which denied its motion for renewal and/or reargument of a decision of the same court, dated December 5, 1983, which held that the plaintiffs' motion for leave to enter a default judgment against JRS should be granted and held that JRS's cross motion for leave to serve an answer should be denied, (2) an order of the same court, dated May 2, 1984, which denied JRS's motion for reargument of the March 7, 1984 order, and (3) an order of the same court, dated May 16, 1984, which granted the plaintiffs' motion for leave to enter a default judgment against JRS in the principal sum of $4,500, and denied JRS's cross motion for leave to serve an answer.

Appeals from the orders dated March 7, 1984 and May 2, 1984, respectively, dismissed. No appeal lies from an order denying renewal and/or argument of a decision *(see, Matter of Metropolitan Prop. & Liab. Ins. Co. v Boisette,* 105 AD2d 785).

Order dated May 16, 1984 reversed, the plaintiffs' motion for leave to enter a default judgment denied, and JRS's cross motion for leave to serve an answer granted. The answer shall be served within 10 days after service upon JRS of a copy of the order to be made hereon, with notice of entry.

JRS is awarded one bill of costs.

Before its time to answer the plaintiffs' complaint had expired, JRS joined the individual defendants in moving pursuant to CPLR 3211 (a) (7) to dismiss the complaint as against the individual defendants for failure to state a cause of action. After this motion was granted, neither the plaintiffs nor the defendants served a notice of entry of the order pursuant to CPLR 3211 (f) upon JRS, and JRS never served an answer. .

The plaintiffs subsequently moved for leave to enter a default judgment against JRS. JRS opposed the motion and cross-moved for leave to serve an answer.

In a decision dated December 5, 1983, Special Term held that the plaintiffs' motion for leave to enter a default judgment against JRS should be granted on the ground that JRS had failed to serve an answer and was in default. The decision also denied JRS's cross motion, without prejudice to renew on proper papers, because the cross motion was not served in accordance with CPLR 2214 (b).

JRS then moved pursuant to CPLR 2221 for renewal and/or reargument of the December 5, 1983 decision, but this motion was denied in the order dated March 7, 1984.

By order to show cause, JRS then moved for an order vacating the March 7, 1984 order and granting reargument and/or renewal of the December 5, 1983 decision. This motion was denied in the order dated May 2, 1984.

On May 16, 1984, an order was then signed granting the plaintiffs' motion for leave to enter a default judgment against JRS, in the principal sum of $4,500, and denying JRS's cross motion for leave to serve an answer.

It was error for Special Term to have granted the plaintiffs' motion for leave to enter a default judgment against JRS. Because JRS had joined in a motion to dismiss pursuant to CPLR 3211 (a) (7), pursuant to CPLR 3211 (f), its time to answer would not expire until 10 days after service upon it of

a copy of the order deciding the motion with notice of entry *(cf. United Equity Servs. v First Am. Tit. Ins. Co.,* 75 Misc 2d 254).

Since the plaintiffs failed to serve a copy of the order with notice of entry upon JRS, its time to answer was not limited *(see, Charshee v Geraghty,* 198 NYS2d 686). Therefore, JRS was not in default for failing to serve an answer, and its cross motion for leave to serve an answer should have been granted.

We also note that JRS has demonstrated the existence of a meritorious defense. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.