■ In the Matter of AIRPORT TRANSPORTATION SERVICES, INC., Respondent, v ADA T. HINDEN, Appellant. STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, State Farm Fire and Casualty Insurance Company appeals from a judgment of the Supreme Court, Westchester County (Meehan, J.), dated April 15, 1985, which granted the petitioner's application to stay arbitration and added it as a party respondent, and Ada T. Hinden separately appeals from so much of the same judgment as granted the petitioner's application to stay arbitration.

Ordered that the appeal of State Farm Fire & Casualty Insurance Company is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court *(see,* 22 NYCRR 670.20 [f]); and it is further,

Ordered that the order is reversed insofar as appealed from by Ada T. Hinden, on the law, with costs to the appellant Ada T. Hinden, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

On the record before us, there is insufficient proof that the petitioner's motion papers were timely served pursuant to CPLR 7503 (c). The record contains no affidavit from a knowledgeable post-office employee as to the significance of the December 10, 1984 post-office stamp, which date is some four days beyond the last date on which the petitioner could have timely moved for a stay of arbitration. Just as an affidavit of

service which asserts a date of mailing is not conclusive once there has been a sworn denial of receipt *(see, Empire Natl. Bank v Judal Constr.,* 61 AD2d 789, 789-790), the affidavit of the person responsible for mailing the petitioner's papers cannot be deemed conclusive here in the face of the appellant's challenge to the timeliness of the petitioner's application for a stay. In view of the alleged backdating of the postage meter in the office of the petitioner's attorney as well as the unexplained delay between the alleged date of the mailing of the petition and supporting papers in Yonkers, i.e., December 5, 1984, and the alleged date of receipt by the Larchmont post office, i.e., December 10, 1984, the aforementioned affidavit is unpersuasive *(see, Matter of Sea Ins. Co. v Hopkins,* 91 AD2d 998).

In view of the fact that it cannot be determined, on the record before us, whether service was timely made, the matter is remitted to the Supreme Court, Westchester County, for a hearing with respect to that issue. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.