■ John Colucci et al., Respondents, v Vincenzo Zeolla, Appellant.—Order of the Supreme Court, Bronx County (Anita Florio, J.), entered December 8, 1986, which granted plaintiffs' motion for an order vacating an order of preclusion, is unanimously reversed, on the law and facts and in the exercise of discretion, and the motion denied, with costs and disbursements payable to defendant.

Plaintiffs brought this personal injury action alleging that defendant struck plaintiff John Colucci with a stick. On March 6, 1985, a motion by defendant for an order of preclusion was granted by the Supreme Court unless plaintiffs served a bill of particulars within 10 days after service of a copy of the order with notice of entry. Plaintiffs did not comply with this order and moved in October of 1986 to vacate the preclusion order, asserting they had never been served with a copy of it. The IAS court granted this motion.

Defendant submitted the affidavit of service of the preclusion order as part of its opposition to plaintiffs' motion to vacate. This raised the presumption that a proper mailing occurred (see, Engel v Lichterman, 62 NY2d 943, 944). In response, plaintiffs simply denied receipt of a copy of the order until August 1986. They did not challenge the affidavit of service submitted by defendant in any respect. Therefore, the presumption of proper mailing which arose upon submission of the properly executed affidavit of service was not overcome and service of the copy of the order was complete upon mailing (CPLR 2103 [b] [2]).

Under these circumstances, grant of the motion to vacate the default in complying with the prior order of preclusion was an abuse of discretion by the IAS court and we, therefore, reverse. Concur—Kupferman, J. P., Sullivan, Ross, Asch and Milonas, JJ.