■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and JENNIFER PATRYLO et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County (William P. McCooe, J.), entered on September 4, 1987, which found that respondents had failed to comply with the notice of claim time period requirement and granted the motion by petitioner Allstate Insurance Company for a permanent stay of arbitration, is unanimously reversed on the law and the facts, and the motion for a stay of arbitration is denied, without costs or disbursements.

Appeal from the order and judgment (one paper) of the Supreme Court, New York County (William P. McCooe, J.), entered on or about March 21, 1988, which denied respondents' motion for leave to serve a late notice of claim, is unanimously dismissed as academic, without costs.

Respondents-appellants Jennifer and Kelly Patrylo, aged 9 and 12 years, respectively, were crossing a Brooklyn intersection on September 24, 1984 when they were struck by a car, allegedly causing them to sustain serious personal injuries. The vehicle in question, a 1972 Buick bearing a New Jersey license plate, was owned and operated by one Joel R. Appel. In a form dated September 25, 1984, respondents' mother, Kathleen Patrylo, signed notices of intention to make claim on their behalf under her husband's uninsured motorist en-

dorsement. Although Kathleen Patrylo did not provide information concerning the insurance coverage of the offending automobile, a police accident report indicates that Appel received a summons for failing to furnish proof of insurance. However, the notices prepared by Patrylo did list the date and place of the accident, the holder of the policy, Harry Patrylo, and his address, as well as the name and address of the driver of the offending vehicle. The record of the instant matter reveals that the forms were sent by certified mail, return receipt requested, to the claims office of petitioner Allstate Insurance Company at 2143 Flatbush Avenue in Brooklyn, New York. The certified mail return receipt cards show that two items of mail sent by respondents' counsel were received by Allstate on October 16, 1984. Moreover, the post receipts contain serial numbers which correspond to entries made in the ordinary course of business in the certified mailing book maintained by the office of respondents' attorney. While the entries did not identify the precise document mailed, the book does show the name of the client, the date mailed and the addressee. Respondents' attorney asserts that the notices of intention to make claim were the only items ever sent certified mail, return receipt requested, by his office to Allstate in connection with this case, and petitioner does not allege that the documents received on the date in question were anything else.

In an undated form letter stamped received on October 18, 1984, which respondents' attorney alleges was accompanied by the previously served notices of intention to make claim, Allstate advised that the "correspondence we have received from you does not include enough information for us to identify it with any of our records" and requested that certain data be supplied, including the insured's policy number, the effective date of the policy and the expiration date. On April 4, 1985, the notices of intention to make claim were remailed to Allstate by certified mail, return receipt requested. This time, the return receipt card was marked "n/c" to signify what was being mailed. The notices of claim were received by Allstate on April 5, 1985 and then returned to respondents' lawyer, along with an undated form letter identical to the previous one. In the meantime, counsel had heard from the New Jersey Department of Motor Vehicles regarding his insurance inquiry. The communication advised that the offending vehicle's insurance had expired in March of 1984, and there was no record of renewal.

Thereafter, by notice dated May 28, 1986, a demand for

arbitration was served on Allstate. Allstate moved for a stay of arbitration returnable on July 18, 1986, contending that respondents had not given petitioner written notice of claim until more than nine months had elapsed, well beyond the required 90-day time limit, and, further, that respondents had failed to demonstrate that the alleged offending vehicle was uninsured. Although respondents initially opposed the motion on the ground that Allstate's application for a stay was untimely, this claim was not pursued and respondents provided the court with a copy of the police accident report and a certified record of the report of insurance information from the New Jersey Department of Motor Vehicles. In an order entered on October 20, 1986, the IAS court directed a hearing on the issue of whether respondents' demand for arbitration was made within the mandated 90-day time period or as soon as practicable.

The hearing was conducted on April 20 and April 22, 1987. For the first time, petitioner declared through its counsel that the "first notice of claim that we had was the demand for arbitration served upon Allstate." When respondents' attorney stated that he had postal receipts that the notices of claim were mailed on October 15, 1984 and received the following day, petitioner maintained that such documents were insufficient to prove what was mailed, and called a casualty claims adjustor, handling uninsured motorist coverage for Allstate, who stated that respondents' file did not contain any notice of accident or claim prior to June of 1986. Although the court accepted respondents' postal receipts as evidence that Allstate did, in fact, receive something in the mail on October 16, 1984 from respondents' attorney, the matter was adjourned to enable a different lawyer from the office of respondents' counsel to testify as to the office procedures and the mailing of October 15, 1984. Thus, on the adjourned date, another attorney appeared on behalf of respondents, and he asserted that he was familiar with the business practices of the office and produced a mailing book kept in the ordinary course of business which, he urged, "shows that these documents were, in fact, mailed to Allstate on the date". Moreover, he testified that he was employed by the firm at the time the records were made, and he had personal knowledge that the items in dispute were mailed. The court, however, was unconvinced, finding that respondents had "failed to furnish a credible witness with the requisite knowledge to prove that the notice was prepared and placed in the envelope on the adjourned date", and subsequently issued a judgment for a permanent stay of arbitration.

In *Aetna Ins. Co. v Millard* (25 AD2d 341, 343), this court declared that "[i]t is a well-established rule that letters properly addressed, stamped and mailed are presumed received by the addressee even though the addressee denies receipt of the same". In that regard, where, as herein, documentary proof of a mailing exists, mere denial of receipt is insufficient to overcome the presumption that such mailing occurred *(see, Engel v Lichterman,* 62 NY2d 943; *Colucci v Zeolla,* 138 AD2d 286), and the burden falls upon the addressee to present evidence sufficient to overcome the presumption and establish nonreceipt *(Vita v Heller,* 97 AD2d 464).

In the instant situation, the postal receipts introduced by respondents' counsel provide clear proof of a mailing to Allstate on October 15, 1984, which arrived the next day, October 16, 1984. Testimony by a casualty claim adjustor that respondents' file did not contain any notice of accident or claim prior to June of 1986 is, in view of existence of the postal receipts, simply inadequate to overcome the presumption that a mailing was in fact made by respondents to petitioner in October of 1984, some three weeks after the accident. As for the contents of that mailing, a lawyer from the firm representing respondents produced a mailing book at the hearing which, according to his personal knowledge, was maintained in the ordinary course of business and demonstrated that the notices of claim were mailed to Allstate on October 15, 1984. In *Matter of Lumbermens Mut. Cas. Co. (Collins)* (135 AD2d 373, 375), this court determined that "[a]s long as there is adequate testimony by one with personal knowledge of the regular course of business, it is not necessary to solicit testimony from the actual employee in charge of the mailing" *(see also, Bossuk v Steinberg,* 58 NY2d 916).

The hearing court, therefore, was in error in concluding that respondents had not offered a credible witness with the requisite knowledge because there was no one to show that the notice was actually prepared and placed in the envelope on the date in question. Indeed, the postal receipts clearly prove that a mailing to petitioner was effectuated on October 15, 1984, other postal receipts show that this mailing was received by Allstate on October 16, 1984, and an attorney for respondents testified that what was mailed on October 15, 1984 were the notices of claim. In addition, petitioner's denial of having ever received these notices "is noticeably unaccompanied by any knowledgeable and clear indication as to the contents of the mailing from appellants at the time of its delivery" *(Matter of Sea Ins. Co. v Hopkins,* 91 AD2d 998, 999).

Consequently, the evidence at the hearing was sufficient to demonstrate that timely notices of claim were made to petitioner.

Finally, petitioner contends, apparently for the first time on appeal, that the notices were, at any rate, defective since not enough information was contained therein to process the claims. It need only be pointed out that even were we able to consider this argument, it would have to be rejected as entirely lacking in merit. While it is true that the notices did not denote the insured's policy number or the effective and expiration dates of the policy, the insured's name and address were provided, and Allstate cannot reasonably assert that it was unable to locate the policy in its files based upon the data which it was given or that appropriate notice was not furnished concerning the accident underlying the claims. Further, petitioner fails to submit any legal authority whatever in support of the proposition that a notice of claim is not valid unless the policy number and effective and expiration dates are included. Accordingly, the IAS court should have found the notices of claim to have been timely made and denied the motion for a stay of arbitration. Concur—Sandler, J. P., Sullivan, Milonas, Kassal and Smith, JJ.