■ In the Matter of DANDY DAN TAXI, INC., Appellant, v INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Respondent.—In a proceeding to confirm an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Queens County (Leviss, J.), dated May 31, 1988, which denied the application, granted the respondent's cross application to vacate the award, and directed a new arbitration hearing.

Ordered that the judgment is affirmed, with costs.

The appellant had substantial contact with the respondent's New York City representative, RMG Investigations, Inc. (hereinafter RMG), concerning the property damage claim arising out of an accident. Thereafter, the appellant sent a notice of arbitration with respect to the personal injury claims arising out of the same accident to the respondent's representative in East Orange, New Jersey. The respondent failed to appear at the arbitration hearing, and, as a result, awards were made upon its default. Finding that the East Orange office to which the notice of arbitration was sent was not the proper local representative to receive notice, the Supreme Court vacated the arbitration award and ordered a new arbitration hearing. We affirm.

Pursuant to 11 NYCRR 65.10 (d) (2) (iii), a notice of arbitration should be sent to the "local representative of the respondent". Based upon the record before us, the appellant's counsel should have known that RMG was the local representative for this claim. Whether sending the notice to the wrong representative was done intentionally or inadvertently, the appellant cannot now rely on the respondent's default *(see,*

*Matter of Nixon Taxi Corp. [State Farm Gen. Ins. Co.],* 128 AD2d 616, 619; *Matter of Metropolitan Prop. & Liab. Ins. Co. v Boisette,* 105 AD2d 785, 786). The respondent is entitled to a fair opportunity to be heard at the arbitration hearing *(Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291, 296), and, accordingly, vacatur of the arbitration award was proper. Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.