■ In the Matter of COLONIAL PENN INSURANCE COMPANY, Respondent, v SAVAN ENNAB, Appellant.—In a proceeding pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (Burke, J.), dated December 6, 1989, which granted the application.

Ordered that the order is reversed, on the law, with costs, the petition is dismissed, and the parties are directed to proceed to arbitration.

Contrary to the petitioner's contention, we find that the appellant's attorney did not act improperly in serving the demand for arbitration upon the petitioner's Anaheim, California office. The appellant's policy indicated that it was issued by "Colonial of California", and all of the appellant's previous correspondence was sent to the Anaheim office, which had established a file for her claim and arranged for payment of her medical bills *(cf., Matter of Dandy Dan Taxi v Insurance Co.,* 155 AD2d 458; *Matter of Metropolitan Prop. & Liab. Ins. Co. v Boisette,* 105 AD2d 785). Moreover, the affirmation of the appellant's attorney, coupled with a United States Postal Service return receipt, established that the demand for arbitration was served upon the petitioner's Anaheim office by certified mail as required by CPLR 7503, and that the demand was received by the petitioner on August 1, 1986 *(see, Matter of Allstate Ins. Co. [Patrylo],* 144 AD2d 243; *Matter of Sea Ins. Co. v Hopkins,* 91 AD2d 998). Since the petitioner failed to apply for a stay of arbitration within 20 days after receipt of the appellant's demand therefor, the petition must be dismissed as untimely *(see, Matter of Allcity Ins. Co. [Vitucci],* 151 AD2d 430, *affd* 74 NY2d 879; *Matter of*

*Allstate Ins. Co. [Jones-Barnett],* 143 AD2d 570; *Matter of State Farm Mut. Auto. Ins. Co. [Santiago],* 84 AD2d 552). Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.