■ F.W. Woolworth Co., Respondent, v Center Moriches Associates Limited Partnership, Doing Business as Center Moriches Associates, et al., Appellants.—In an action for a judgment declaring that the defendants' notices of default are null and void and for a permanent injunction barring the defendants from terminating the plaintiff's lease, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated January 17, 1991, which, *inter alia,* granted the plaintiff's motion to toll the period to cure a default in the payment of rent and to preliminarily enjoin the defendants from interfering with its use of the demised premises during the pendency of this action, and denied the defendants' cross motion to dismiss the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants have failed to submit sufficient proof to establish a presumption that the plaintiff received a letter dated August 21, 1990, notifying it that it was in default in the payment of the rent *(cf., Matter of Colonial Penn Ins. Co. v Ennab,* 168 AD2d 494; *Matter of Allstate Ins. Co. [Patrylo],* 144 AD2d 243; *Matter of Sea Ins. Co. v Hopkins,* 91 AD2d 998). Thus, the Supreme Court correctly determined that the 30-day period of time provided by the lease within which to cure the default did not begin to run until a notice dated August 30, 1990, was received on September 5, 1990, and that the plain-

tiff's "Yellowstone" application was timely brought on October 4, 1990 (see, First Natl. Stores v Yellowstone Shopping Center, 21 NY2d 630).

We also find that the Supreme Court had personal jurisdiction over the defendants, as the manner of service provided in the order to show cause was permissible and satisfied due process requirements (see, CPLR 2214 [d]; 6313 [b]; Mullane v Central Hanover Trust Co., 339 US 306). Bracken, J. P., Lawrence, Miller and O'Brien, JJ., concur.