■ In the Matter of JOSEPH BILLONE, Respondent, v TOWN OF HUNTINGTON, Appellant, et al., Respondent.—In a proceeding for leave to serve a late notice of claim, the Town of Huntington appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Brown, J.), dated August 16, 1990, as granted that branch of the petitioner's application which was for leave to serve and file a late notice of claim pursuant to General Municipal Law § 50-e (5) upon it.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On July 17, 1989, the petitioner was injured in an automobile accident while exiting the driveway of his parents' home. The petitioner's mother alleged that the accident occurred because the petitioner's view was obstructed by trees which were planted near her home by the appellant. On August 8,

1989, three weeks after the accident, the petitioner's mother sent letters to various officials of the appellant informing them of the accident and requesting that the tree condition be corrected. In response to her letters, the appellant thereafter took remedial action. Specifically, on September 28, 1989, the appellant's Highway Department "removed one tree and trimmed * * * branches from four other trees".

Approximately five months later, having neither commenced an action nor served a notice of claim, the petitioner's attorney brought the instant application for leave to serve a late notice of claim. The application was brought by order to show cause, and, in support of the application, the petitioner's attorney submitted, *inter alia,* his own affirmation and an affidavit from the petitioner's mother. The attorney's affirmation set forth the condition complained of, as well as the particulars concerning the happening of the accident. The affidavit from the petitioner's mother stated that she had previously contacted various local officials about the accident and its alleged cause. The order to show cause was not accompanied by either an affidavit from the petitioner himself or any document designated a "petition".

The court found that the appellant, but not the County of Suffolk, had actual knowledge of the essential facts constituting the petitioner's claim within the requisite 90-day period. Accordingly, the court granted leave to serve and file a late notice of claim against the appellant, but denied the application with respect to the County of Suffolk.

On appeal, the appellant argues that the petitioner's application was procedurally defective since the instant proceeding was commenced by service of an order to show cause which was unaccompanied by a petition. The petitioner counters that since the appellant had actual knowledge of the petitioner's complaint within 90 days after the accident, there was no prejudice to the appellant, and leave to serve a late notice of claim upon the appellant was properly granted.

As there was no action pending between the parties at the time the petitioner sought leave to serve a late notice of claim, the petitioner was required to commence a special proceeding *(see, Matter of Town of Johnstown v City of Gloversville,* 36 AD2d 143). Pursuant to CPLR 304, "[a] special proceeding is commenced and jurisdiction acquired by service of notice of petition or order to show cause". Pursuant to CPLR 403 (b), the petitioner shall also serve a petition at the time of service of the notice of petition or order to show cause. Although the petitioner's order to show cause was not accompanied by any

document designated a "petition," the attorney's affirmation, annexed to the order to show cause, did contain all of the ingredients necessary to a petition (see, 4 Carmody-Wait 2d, NY Prac § 28:1, at 168). "It is fundamental that the court, in determining the nature of an instrument looks to its substance, rather than to its label. To the extent that the 'affirmation' does not bear the title of 'petition,' it does not violate any substantial right of the [respondent] and the defect may be disregarded by the court as a mere irregularity. (CPLR 2001)" (Matter of Board. of Educ. [Half Hollow Hills Teachers Assn.], 79 Misc 2d 223, 225).

In addition, it is clear that the attorney's affirmation, along with the affidavit of the petitioner's mother, were adequate to apprise the appellant of the relief requested and sufficient to allow the appellant to maintain a defense on the merits (see, General Municipal Law § 50-e [5]). Therefore, under the circumstances herein, the petitioner's failure to include a document designated a petition was merely a defect in form which does not mandate dismissal (see, CPLR 103 [c]; 2001).

With respect to the merits of the petitioner's application for leave to serve a late notice of claim, by virtue of the letters which the petitioner's mother sent to the appellant three weeks after the accident, the appellant had actual knowledge of the essential facts constituting the claim and was in no way prejudiced in maintaining its defense on the merits (see, General Municipal Law § 50-e [5]; Segreto v Town of Oyster Bay, 66 AD2d 796; Hubbard v County of Suffolk, 65 AD2d 567). Accordingly, the Supreme Court was correct in granting the petitioner leave to serve a late notice of claim against the appellant.

We have considered the appellant's remaining contentions and find them to be without merit. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.