■ In the Matter of PRUDENTIAL SECURITIES INCORPORATED, Appellant, v ROBERT L. WARSH, Respondent. [625 NYS2d 615] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Colabella, J.), entered September 7, 1993, as denied the petition and, upon granting the branches of the respondent's motion which were to dismiss the proceeding and to compel arbitration, dismissed the proceeding and directed the parties to proceed to arbitration.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

On February 25, 1993, the respondent served upon the petitioner, Prudential Securities Incorporated (hereinafter Prudential), a demand for arbitration of his claims against it before the National Association of Securities Dealers, Inc. (hereinafter the NASD) by delivering the demand to the Secretary of State *(see,* Business Corporation Law §§ 304, 306). The Secretary of State sent the demand to CT Corporation Systems (hereinafter CT), Prudential's registered agent for service of process *(see,* Business Corporation Law § 305). CT received the demand for arbitration on March 5, 1993, and forwarded it to Prudential, which received it on March 11, 1993. On March 31, 1993 Prudential commenced this proceeding to stay the arbitration. The Supreme Court, *inter alia,* denied the petition as untimely and dismissed the proceeding.

The Supreme Court properly denied Prudential's petition to stay arbitration since it was not made within the 20-day time period for the service of such petitions *(see,* CPLR 7503 [c]; *Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock,* 183 AD2d 831; *Matter of Allstate Ins. Co. v Barbera,* 117 AD2d 801). We agree with the Supreme Court that the 20-day time period commenced on March 5, 1993, when CT received the respondent's demand for arbitration from the Secretary of State and not on March 11, 1993, when Prudential received the respondent's demand from CT *(cf., Matter of Nationwide*

*Mut. Ins. Co. [Messa],* 111 Misc 2d 957). Since Prudential failed to apply for a stay of arbitration within 20 days of March 5, 1993, the Supreme Court properly declined to consider its contentions that the respondent's claims are barred by Federal and State Statutes of Limitation and that, pursuant to section 15 of the NASD Code of Arbitration Procedure, they are not eligible for submission to arbitration *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182; *cf., Matter of Merrill Lynch, Pierce, Fenner & Smith v Manhard,* 85 NY2d 193). Bracken, J. P., O'Brien, Friedmann and Florio, JJ., concur.