■ In the Matter of WILLIAM S., Respondent. ANNE MILES, Appellant. [677 NYS2d 371] —In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian, Anne Miles appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kassoff, J.), dated January 17, 1997, as (1) denied her motion to renew a decision of the same court dated June 19, 1996, and (2) directed her to pay the sum of $19,887.69 to her attorney trust account.

Ordered that the appeal from so much of the order as denied the appellant's motion to renew is dismissed, as no appeal lies from an order denying renewal of a decision (*see, De Falco v JRS Confectionary,* 118 AD2d 752; *Matter of Metropolitan Prop. & Liab. Ins. Co. v Boisette,* 105 AD2d 785); and it is further,

Ordered that order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appellant, who represented William S., an incapacitated person, removed money from her attorney trust account without prior court approval for legal fees allegedly due. When this action was called into question by the court examiner, the appellant claimed that she could not provide an affirmation of legal services without breaching the attorney-client privilege.

Since the propriety of the appellant's action and legal fees were in question, she should have submitted evidence as to her employment and the nature and extent of the services rendered. Such evidence could have been limited to those facts which were essential to preserve the appellant's rights (*see, Matter of Metrik,* 19 AD2d 34; *Matter of Glines v Estate of Baird,* 16 AD2d 743; Prince, Richardson on Evidence § 5-214 [Farrell 11th ed]). However, since the appellant failed to do so, she failed to justify any legal fee. Thus, the Supreme Court properly directed the appellant to return the money removed from her attorney trust account.

The appellant's affirmation of legal services submitted with her motion to renew is not properly before this Court and cannot be considered. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.