■ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v ROSELYNE PIERRE-LOUIS, Appellant. [762 NYS2d 249] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Roselyne Pierre-Louis appeals from an order of the Supreme Court,

Kings County (Hubsher, J.), dated June 10, 2002, which granted the petition.

Ordered that the order is affirmed, with costs.

The demand for arbitration of the appellant's claim for uninsured motorist benefits was served by certified mail, return receipt requested, and was received by Eagle Insurance Company (hereinafter Eagle) on November 26, 2001. Eagle commenced this proceeding to stay arbitration on December 14, 2001. The 20-day period in which to apply for a stay of arbitration pursuant to CPLR 7503 (c) is measured from the date of receipt of the demand for arbitration (*see Matter of Knickerbocker Ins. Co. [Gilbert],* 28 NY2d 57, 64 [1971]; *Monarch Ins. Co. v Pollack,* 32 AD2d 819 [1969]; *see also Matter of Prudential Sec. v Warsh,* 214 AD2d 739 [1995]; *Matter of Colonial Penn Ins. Co. v Ennab,* 168 AD2d 494 [1990]). Accordingly, the Supreme Court properly determined that the proceeding was timely commenced.

The appellant failed to offer any evidence to refute the proof presented by Eagle that the offending vehicle was insured at the time of the accident. Therefore, the Supreme Court therefore properly granted a permanent stay of arbitration (*see Matter of Government Empls. Ins. Co. v McFarland,* 286 AD2d 500 [2001]).

The appellant's remaining contentions are without merit. Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.