■ JOSE SULAIMAN CHAGNON, Appellant, v MICHAEL GERARD TYSON et al., Defendants, and LENNOX LEWIS et al., Respondents. [783 NYS2d 29]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered March 27, 2003, which, in an action for personal injuries sustained when a melee broke out at a press conference announcing a boxing match between defendants Lewis and Tyson, granted motions pursuant to CPLR 3211 (a) (7) by defendants Lewis, Main Events Production, Main Events Television Network, Millennium Hotels & Resorts and Millennium & Copthorne Hotels to dismiss plaintiff's cause of action for negligent hiring, and denied plaintiff's cross motion for a default judgment against defendant Lewis on the remaining causes of action for battery and negligent management of the press conference and/or premises, unanimously affirmed, without costs.

The cause of action for negligent hiring was properly dismissed in the absence of allegations identifying the employees involved and showing that defendants knew or should have known of such employees' propensity for the sort of conduct that caused plaintiff's injuries (see Sheila C. v Povich, 11 AD3d 120, 129-130 [2004]). These defects are not cured by the transcript of defendant Tyson's license proceedings before the Nevada Athletic Commission indicating that the melee arose out of a planned "face off" between the fighters that somehow got out of hand. Plaintiff's claim that defendant entities are vicariously liable for the batteries committed by "defendants TYSON, LEWIS and/or their agents, servants, and/or employees," pleaded as a single allegation under the cause of action for negligent hiring, was properly dismissed along with such cause of action, without prejudice to service of a new pleading showing, inter alia, an employment relationship between the persons who committed the alleged batteries and the entities sought to be held liable (see Adams v New York City Tr. Auth., 88 NY2d 116, 119 [1996]). Nor is plaintiff entitled to a default judgment against defendant Lewis on his other causes of action. In view of the stipulation extending Lewis's time to answer, move or otherwise respond to the complaint, his timely motion to dismiss the negligent hiring cause of action extended his time to respond to the other causes of action as well (United Equity Servs. v First Am. Tit. Ins. Co., 75 Misc 2d 254 [1973]).

We have considered and rejected plaintiff's other arguments. Concur—Tom, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.