In the Matter of TIMOTHY J. ROFF et al., Respondents, v GREEN HILLS OF GLENHAM CONDOMINIUM ASSOCIATION, INC., Appellant. [949 NYS2d 156]—

The petitioners/plaintiffs Timothy J. Roff and Mary Roff (hereinafter together the Roffs) commenced this hybrid proceeding and action challenging determinations of the respondent/defendant Green Hills of Glenham Condominium Association, Inc. (hereinafter Green Hills), inter alia, finding that they were not in compliance with rule No. 14 of the rules and regulations of the bylaws of Green Hills, which required carpeting on flooring in condominium units. In lieu of serving an answer, Green Hills moved to dismiss the first through eighth causes of action of the petition/complaint (hereinafter the petition). The Roffs cross-moved for judgment in their favor on the petition. The Supreme Court, inter alia, granted those branches of the Roffs' cross motion which were for judgment in their favor on the second, third, fourth, and ninth causes of action of the petition.

The Supreme Court erred in granting those branches of the Roffs' cross motion which were for judgment on the second, third, and fourth causes of action, which were interposed pursuant to CPLR article 78. A respondent in a proceeding pursuant to CPLR article 78 may raise an objection in point of law by setting it forth in his answer or by a motion to dismiss the petition (*see* CPLR 7804 [f]). If the court denies the respondent's motion to dismiss, "the court shall permit the respondent to answer, upon such terms as may be just" (*id.*). Under the circumstances of this case, the Supreme Court should not have reached the merits of the second, third, and fourth causes of action without first affording Green Hills the opportunity to submit an answer (*see Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y.*, 8 NY3d 1001, 1002 [2007]; *Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 101-102 [1984]).

Further, the Supreme Court erred in granting that branch of the Roffs' cross motion which was for judgment on the ninth cause of action, which sought a declaration that Green Hills violated Real Property Law § 339-j and its own bylaws by filing

a lien against the Roffs' unit in the amount of $3,075. The Roffs argued to the Supreme Court that they were entitled to judgment in their favor on the ninth cause of action, since Green Hills had defaulted on that cause of action by failing to move to dismiss it or answer. Contrary to the determination of the Supreme Court, the Roffs were not entitled to a default judgment against Green Hills on their ninth cause of action, since Green Hills timely moved to dismiss the first eight causes of action asserted in the petition (*see Chagnon v Tyson*, 11 AD3d 325, 326 [2004]; *see also De Falco v JRS Confectionary*, 118 AD2d 752, 753-754 [1986]). Thus, any judgment in favor of the Roffs on the ninth cause of action was premature. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.