■ In the Matter of Robert Clavin, Doing Business as Rob's Plumbing and Heating, Inc., Respondent, v Charles F. Mitchell et al., Appellants. [15 NYS3d 211]—In a proceeding pursuant to CPLR article 78 to compel Charles F. Mitchell, Commissioner of the Orange County Department of Consumer Affairs and Weights and Measures, and the Orange County Electrical Licensing Board, to issue Robert Clavin, doing business as Rob's Plumbing and Heating, Inc., a class A master electrician's license, Charles F. Mitchell, Commissioner of the Orange County Department of Consumer Affairs and Weights and Measures, and the Orange County Electrical Licensing Board appeal from an order and judgment (one paper) of the Supreme

Court, Orange County (Bartlett, J.), dated October 3, 2013, which denied their motion pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the proceeding, and granted the application and directed them to issue Robert Clavin, doing business as Rob's Plumbing and Heating, Inc., a class A master electrician's license valid through March 31, 2014.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting the application and directing Charles F. Mitchell, Commissioner of the Orange County Department of Consumer Affairs and Weights and Measures, and the Orange County Electrical Licensing Board to issue Robert Clavin, doing business as Rob's Plumbing and Heating, Inc., a class A master electrician's license; as so modified, the order and judgment is affirmed, with costs to the appellants, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith, and the appellants' time to serve an answer is extended until 20 days after service upon it of a copy of this decision and order (see CPLR 7804 [f]).

Initially, although the license the Supreme Court directed the appellants to issue has expired, we decline to dismiss the appeal as academic inasmuch as it satisfies the criteria for invoking the exception to the mootness doctrine, namely, that the issues raised are likely to recur, will typically evade review, and are substantial and novel (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Matter of In Defense of Animals v Vassar Coll., 121 AD3d 991, 993 [2014]; Matter of Shellfish, Inc. v New York State Dept. of Envtl. Conservation, 76 AD3d 975, 978 [2010]).

The Supreme Court properly denied the appellants' motion to dismiss. Contrary to the appellants' contention, the court did not lack jurisdiction to entertain this proceeding. Although the order to show cause served by Robert Clavin, doing business as Rob's Plumbing and Heating, Inc. (hereinafter Clavin), was not accompanied by a document designated a "petition" (see CPLR 304 [a]; 7804 [d]), the appellants were not prejudiced thereby since the papers annexed to and in support of Clavin's order to show cause apprised them of the facts upon which his claim was based and the relief requested. Thus, Clavin's failure to include a document designated as a petition may be disregarded as an irregularity (see CPLR 2001; Andrusz v Town of Lancaster, 289 AD2d 950, 951 [2001]; Matter of City of Rensselaer v Duncan, 266 AD2d 657, 659 [1999]; Matter of Guarneri v Town of Oyster Bay, 224 AD2d 695 [1996]; Matter of Billone v Town of Huntington, 188 AD2d 526, 527-528 [1992]).

Contrary to the appellants' further contention, the Supreme Court properly determined that the exhaustion of remedies doctrine did not bar judicial review of Clavin's claims, since he established that resort to an administrative remedy would be futile (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 56-57 [1978]; *Love v Grand Temple Daughters*, 37 AD2d 363, 366 [1971]; *cf. Matter of Ruby Weston Manor v Commissioner of Health of the State of N.Y.*, 107 AD3d 1116, 1119 [2013]).

The Supreme Court also properly denied that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss Clavin's application for failure to state a cause of action. In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the standard is whether, giving the pleader the benefit of every possible favorable inference, the four corners of the pleading contain factual allegations which can fit any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d at 275). Here, the papers annexed to and in support of Clavin's order to show cause sufficiently alleged that the failure to issue a class A master electrician's license was arbitrary and capricious, and the appellants failed to demonstrate that a material fact claimed by Clavin was "not a fact at all" (*id.*).

However, the Supreme Court erred in granting Clavin the relief he requested without affording the appellants an opportunity to answer (*see* CPLR 7804 [f]; *Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y.*, 8 NY3d 1001, 1002 [2007]; *Matter of Roff v Green Hills of Glenham Condominium Assn., Inc.*, 97 AD3d 830, 831 [2012]; *Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d 698, 699 [2011]). On the record before us, it cannot be said that "the facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer" (*Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984];

*see Matter of Better World Real Estate Group v New York City Dept. of Fin.*, 122 AD3d 27, 42 [2014]).

Accordingly, the matter must be remitted to the Supreme Court, Orange County, to permit the appellants to serve an answer. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.